BOLIN, Judge.
A collision between two dump trucks, occurring on Louisiana Highway 159 in Webster Parish, gave rise to this tort action, trial of which resulted in judgment awarding plaintiff $6,883.54, plus interest and costs, as damages for personal injuries, loss of earnings and property damage to his truck. Defendants, owner and insurer of the other truck, appeal.
This case was consolidated for trial and on appeal with its companion styled Excel Insurance Company v. Earl Timmons et al., 155 So.2d 268. That suit was instituted by plaintiff’s insurer under a subrogation claim for reimbursement for payment to plaintiff Mire of damages to the chassis of his dump truck and likewise resulted in judgment for plaintiff.
The primary issue presented on this appeal is that of liability and the secondary matter is the question of quantum for loss of earnings.
We are fortunate in having in the record the written opinion of the lower court outlining the evidence, contradicted and otherwise, and reflecting the court’s reasons for its resolution of the conflicting testimony regarding the actual collision and the events immediately preceding it.
Highway 159 has a blacktopped surface approximately 18 feet in width, runs generally east and west, and curves to the north at the crest of a hill some 200 feet east of the point of impact. The weather was clear and dry on the day in question.
Waggoner, defendant’s driver, was proceeding west with his empty vehicle; plaintiff, owner and operator of his truck, was proceeding east uphill with his vehicle fully loaded. The two drivers were the only eye witnesses to the collision. Evidence reflects the left rear of defendant’s truck body struck the left side of plaintiff’s truck crushing the top and side of the cab and doing considerable damage to the truck bed. Photographs reflect only slight damage to defendant’s vehicle.
After hearing the witnesses and reviewing the copious testimony, a great deal of which was conflicting, the district judge concluded Waggoner was operating his vehicle at an excessive speed, did not have it *267 under proper control, and that as he came over the hill he applied his brakes and came down the hill at a forty or forty-five degree angle, causing the overhang on his truck to strike Mire’s truck while the latter was proceeding in his own lane of travel at a slow speed. These acts, he decided, constituted negligence and were the sole proximate cause of the accident. He further concluded from medical testimony plaintiff’s injuries disabled him for work for a period of three months.
Our review of the record reveals no manifest error on the issue of liability and we likewise conclude defendants are liable to plaintiff in damages.
Defendants’ counsel states in brief that if this court affirms the lower court’s finding of liability then the amount awarded for pain and suffering and actual damages seems to be substantiated by the evidence. We therefore pretermit discussion of those issues.
We come now to the award of $3,288.36 for loss of earnings, calculated by multiplying Mire’s weekly income of $274.03 by twelve, the number of weeks he was found to be disabled. Defendants strenuously argue that, assuming the court affirms the finding of liability, plaintiff is not entitled to recover for loss of use of the truck for the reason he has not proved the following:
“(a) The availability of work for the truck if it was not disabled during that period of time;
“(b) The length of time the truck was out of use due to repairs as a result of the accident;
“(c) That a reasonable effort was made to minimize the damage from loss of use.”
Relied on in support of the above contentions are the cases of Houlton v. Nichols Truck Line (La.App. 1 Cir., 1945) 23 So. 2d 368; Drewes v. Miller, et al. (Orl.App., 1946) 25 So.2d 820 and Dixie Highway Express, Inc. v. C. C. Galbraith & Son, Inc. (Orl.App., 1952) 61 So.2d 218. The general rule set forth in the Drewes case is to the effect that it is well established where the damaged vehicle can be and is repaired the injured party may, in addition to reimbursement for the costs of the repairs, rer cover the actual expenses he has been required to defray resulting from the deprivation of the use of the vehicle during the time the repairs are being made. To the same effect is the holding in the Dixie Highway case with the added provision that the owner should have the repairs done promptly. The three cited cases are inap-posite because the injury, if any, to the driver was not the cause of the failure to use the vehicle; rather in those cases it was the damage to the vehicle which caused loss of use.
In the present case plaintiff was paid $95.-41 wages for driving the truck and $178.62 weekly for the use of his truck on a daily contract basis. Although his earnings were separated by the construction company for which he hauled soil cement into two separate amounts, nevertheless he was paid the total amount each week for the labor he performed with his truck.
All the elements of his earning power were inextricably interwoven; i. e., if the truck was out of order he would earn nothing; if he were ill or injured he would earn nothing. Although plaintiff cites no cases in support of his claim for loss of earnings we conceive the general rule to be that any loss of earnings or profits from plaintiff’s business occasioned by his personal injuries resulting from the accident may be recovered from the tort feasor or his insurer, if proved with sufficient certainty.
In the instant case, prior to presentation of testimony, counsel for the parties entered into a stipulation with regard to the introduction of certain reports, concluding as follows:
“It is further stipulated and agreed between the parties that C. E. Williams *268 Construction Company paid to Luney Mire for the period covering the dates of August 1st, 1960 through August 9th, which was a period of seven working days, a total of $286.25, which amount was subject to deduction for general liability insurance of $5.73. He was given a payroll check for $95.41 and he paid $6.49 workman’s compensation, or a total deduction of $107.63.”
At the conclusion of the trial the lower court having found liability on the part of defendants, awarded plaintiff judgment which included $4680.00 for loss of earnings for twelve weeks computed on the basis of a weekly earning of $390.00. Immediately after judgment defendants made a motion for a new trial and were granted a restricted rehearing limited to the question of quantum. On rehearing counsel for defendants, though not conceding liability, pointed out the court had erred, probably as a result of the ambiguity in the stipulation. At the conclusion of the rehearing the court amended the judgment reducing the allowance for loss of earnings to $3288.-36 based on a weekly earning of $274.03 for twelve weeks.
Counsel for defendants now urges, in brief, that if this court affirms the finding of liability plaintiff is entitled only to his net earnings, i. e., $274.03 multiplied by twelve less operating expenses. Although we are aware plaintiff has the burden of proving his case, including his damages, nevertheless where, as here, defendants have stipulated with certainty the amount plaintiff was earning and, even on rehearing, have failed to contest the correctness with regard to such earnings, we feel they are bound by such stipulation and are precluded from now raising the issue of plaintiff’s expenses.
Inasmuch as defendants have conceded the length of time of plaintiff’s disability and presumably that plaintiff would have been employed in the same work at the same rate of pay, we think the award properly included the amount earned from use of his own truck as well as his wages as driver.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.