212 So.2d 154 (1968)
Virginia COOPER, wife of/and William R. Cooper
v.
Vernon D. CHRISTENSEN, Government Employees Insurance Company, Clair H. McCain and Aetna Casualty and Surety Company.
No. 3079.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1968.
Rehearings Denied July 1, 1967.
*155 Frank J. D'Amico, New Orleans, George H. Jones, for plaintiffs-appellees.
Hammett, Leake & Hammett, Robert E. Leake, Jr., New Orleans, for Government Employees Ins. Co., defendant-appellant.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Paul B. Deal, New Orleans, for Clair H. McCain and Aetna Casualty and Surety Co., defendants-appellees, third-party plaintiffs-appellants.
Before YARRUT, SAMUEL and BARNETTE, JJ.
YARRUT, Judge.
This suit arose out of an accident in which an automobile, operated by Miss *156 Mary McCain, minor daughter of Clair McCain, crashed into the residence of Mr. and Mrs. William R. Cooper at 4935 Read Boulevard, New Orleans, Louisiana, July 31, 1964. The automobile was owned by Vernon D. Christensen, insured by Government Employees Insurance Company, and admittedly driven with permission of Mr. Christensen. The insurer of Mr. McCain was Aetna Casualty and Surety Company.
It was stipulated between the Insurance Companies that Government Employees was the primary insurer and Aetna Casualty the excess insurer.
Although Plaintiffs sued Mr. Christensen and Mr. McCain, as well as Government Employees and Aetna Casualty, they voluntarily dismissed all parties except the two insurers. Plaintiffs' demand totalled $59,125.76, including $2,553.07 for damages to Plaintiffs' property, the remaining amount being for medical expenses, past and future, and for personal injuries to Mrs. Cooper.
It is conceded that Government Employees has reimbursed Plaintiffs' insurer for $2,936.00 in settlement of the property damage.
The Trial Judge awarded Mr. Cooper $1,365.23 for medical expenses incurred by the community, and $6,000.00 to Mrs. Cooper for her pain and suffering. Only Government Employees was cast. Hereinafter reference to Plaintiff will be to Mrs. Cooper alone.
The medical expenses are not in dispute. However, Government Employees appeals from the $6,000.00 judgment in favor of Plaintiff. Aetna Casualty has also appealed from a dismissal of its third-party demand against Government Employees for attorney's fees and costs which it incurred in defending the instant suit.
First, we will consider the two main contentions of Government Employees: (1) That the judgment in Plaintiff's favor for personal injuries be reduced to $500.00; (2) that its liability should be limited to the property damage provision of its policy, i.e., to $5,000.00.
With regard to quantum, although Plaintiff exhibited some physical symptoms her main claim is admittedly for mental anguish caused by the destruction of her property. In Louisiana this is a compensable item of damages. McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21; Nickens v. McGehee, La.App., 184 So.2d 271; Holmes v. Le Cour Corporation, La.App., 99 So.2d 467.
Admittedly Plaintiff received no impact when Miss McCain drove the vehicle she was operating through the wall into the living and dining rooms of Plaintiff's home. Plaintiff testified she thought the noise she heard was a bomb and was immediately concerned about her safety and that of her family; and subsequently became upset about the damage to her home and the time it took to repair it.
Plaintiff's psychiatrist, Dr. Frederick W. Brewer, testified Plaintiff had a history of mental illness prior to the accident, but that the accident aggravated her chronic psychoneurosis. Plaintiff was hospitalized for ten days at a mental institution following the accident. She suffered headaches, chronic constipation, and shortness of breath, and also had to undergo painful treatment for a fecal impaction. There is some question about the duration of the injuries sustained by Plaintiff as a result of the accident.
Dr. Brewer testified that he treated Plaintiff with reference to the accident on twelve office visits over a period of ten months. However, later in the testimony, he stated Plaintiff had to be readmitted to a mental institution about two months after her last office visit with reference to the accident. She was admitted in June, 1965, because of a superficial suicide attempt, which evidently had nothing to do with the accident. Upon further questioning, Dr. *157 Brewer said Plaintiff had been progressing satisfactorily for ten months previously to June, 1965, the period she was allegedly being treated for reaction to the accident. Moreover, Dr. Louis R. Cabiran, an internist, who referred Plaintiff to Dr. Brewer, stated in his medical report that he expected Plaintiff to recover after her house had been repaired. Admittedly Plaintiff's house was repaired by December of 1964, a period of five months after the accident.
When Plaintiff was asked if her difficulties had ceased in December, she answered, "I don't know about completely because I had a lot to do to get it back and furnished and replacing things by Christmas." (Emphasis added.) Therefore, we conclude that Plaintiff's injuries amounted merely to an aggravation of what was a chronic condition which lasted approximately five months.
Awards for mental anguish due to damage to one's property have generally ranged from $200.00 to $1,500.00. Holmes v. Le Cour Corporation, supra; Nickens v. McGehee, supra; McCastle v. Woods, La.App., 180 So.2d 421; Dodd v. Glen Rose Gasoline Co., 194 La. 1, 193 So. 349.
Under all the circumstances, we believe the award for personal injury should be reduced from $6,000.00 to $1,500.00. In reducing the award, we are well-aware that the award of the Trial Judge should not be disturbed absent manifest error. However, in reducing the award we are relying on the facts and circumstances of this case, as well as the jurisprudence. We are especially impressed by the fact that Plaintiff experienced merely an aggravation of a chronic pychoneurosis, from which she suffered both before and after the accident.
We will next consider the assertion by Government Employees that its liability is limited exclusively to the property damage portion of its policy. In support of this contention it relies on Nickens v. McGehee, supra, which held that mental anguish caused by damage to one's property is for insurance purposes property damage rather than bodily injury. However, in the Nickens case, the Court specifically stated that it was not following a case from this Circuit, Holmes v. Le Cour Corporation, supra, which held mental anguish caused by damage to one's property is a physical injury.
We will follow the Holmes case because we feel that mental illness is a physical complaint, even when it is caused by damage to one's property.
Finally, we will consider Aetna Casualty's third-party demand against Government Employees predicated on the theory that Government Employees should have undertaken the entire burden of defending this suit.
We find Aetna Casualty's contention to have no merit. The limits of liability of Government Employees' policy were $50,000.00 for bodily injury, and $5,000.00 for property damage. The limits of Aetna Casualty's policy were $10,000.00 for bodily injury, and $10,000.0 for property damage. The demand for bodily injury was $6,572.69 in excess of Government Employees limits. Moreover, there was a bona fide contention by Government Employees that its coverage was limited to the property damage portion of its policy. As Government Employees had already paid $2,936.00 of its $5,000.00 property damage limit, this made it entirely possible that a judgment in favor of the Coopers for medical expenses and personal injuries would exhaust Government Employees' policy limits and that Aetna Casualty would be cast. Therefore, as an excess insurer, Aetna Casualty certainly had an interest in defending the suit as it did.
For the above reasons, the judgment is amended to reduce the award for personal injuries from $6,000.0 to $1,500.00; otherwise, the judgment is affirmed; all parties to pay their own costs on appeal.
Amended and, as amended, affirmed.