MILLER, Judge.
Plaintiff James R. Jameson, Jr. appeals the judgment rejecting his claim for damages resulting from a headon collision *86 which occurred in defendant William J. Wise’s traffic lane. We affirm.
On August 26, 1972, at 8:40 p. m., Jame-son’s thirteen year old son was driving a small Honda motorcycle in a southerly direction on the Hickory Grove Road in Rapides Parish. A thirteen year old passenger was riding behind. Jameson did not have a driver’s license, the motorcycle was not currently licensed, and Jameson was not wearing a helmet. At impact, the Honda was in the wrong lane about fifteen inches from the east shoulder of the road.
It had rained before the accident and the road was wet. The speed limit was 60 mph for north and southbound traffic.
The Hickory Grove Road intersects Cotton Loop Road approximately eighteen feet south of the point of impact. East and westbound traffic are signed to stop before entering the intersection. Just south of the intersection the sixteen foot wide blacktopped surface is eroded on the east edge so that the pavement is approximately thirteen feet wide at that point. There is a deep hole in this part of the road which holds water during rainy periods. A large area adjacent and east of this hole is also low and holds water during wet periods.
Wise was driving north in an automobile insured by defendant State Farm Mutual Auto Insurance Company. He and his date were riding around, and approached the intersection at an estimated speed of 35 to 40 mph. Wise knew about the narrowing area and the hole in the road. When he saw a headlight approaching from the north, he slowed and drove through the water. The splashing water partially obscured his windshield. His speed was about 20 mph as he crossed the intersection. When he saw someone jump off the Honda he lost sight of the Honda for a moment and applied his brakes hard. He left ten feet of skid marks and the extreme right front of his car struck the front wheel of the Honda. Wise and his date testified that he never entered the southbound lane. The trial judge held that Wise was in his proper lane of travel at all times before and after the accident.
Jameson was unable to recall the events leading up to the accident because of the serious injuries he sustained. His passenger testified that the northbound car was in the middle of the road and that he jumped off the motorcycle when the oncoming car was about 100 feet away and he thought the Honda would be hit.
The thrust of plaintiff appellant’s claim is that Wise’s visibility was impaired by water having splashed on his windshield prior to the accident. He contends that Wise left his lane of traffic and this emergency caused Jameson to lose control of the Honda. The trial court resolved this factual issue against plaintiff, and this determination is supported in the record.
Appellant has the burden of establishing manifest error in the trial court’s finding of fact. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276, 278 (1964). Since appellant failed to carry that burden, the trial court judgment is affirmed. Costs of this appeal are taxed to plaintiff.
Affirmed.