308 So.2d 803 (1975)
Walter CHRISS and Vivian Chriss
v.
MANCHESTER INSURANCE & INDEMNITY COMPANY et al.
No. 6611.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*804 Charbonnet & Charbonnet, Robert P. Charbonnet, New Orleans, for plaintiffs-appellees.
Lambert, Nowalsky & Lambert, New Orleans, Delbert J. Talley, Folsom, for defendants-appellants.
Before REDMANN, LEMMON and GULOTTA, JJ.
*805 LEMMON, Judge.
This is an appeal from a judgment awarding Mr. and Mrs. Walter Chriss damages for mental anguish, emotional upset, and inconvenience suffered when their home was struck by an automobile insured by defendant. That portion of the judgment awarding the deductible portion of the property damage paid by plaintiffs' homeowner's insurer is not contested on appeal.
The collision into the kitchen and den of plaintiffs' home occurred on February 25, 1972, at a time when they were in another section of the house. The hole in the wall was temporarily boarded the next day, but plaintiffs were without electricity for 3 days, without water for 10 days, and without gas until repairs were completed on April 11, 1972. During most of the period plaintiffs and their four children used a neighbor's bathroom and kitchen facilities.
Where simple negligence causes mental disturbance, without accompanying physical injury or physical consequences of the disturbance, recovery has been generally denied. The underlying rationale has been expressed in Prosser, Handbook of the Law of Torts, Ch. 9, p. 329 (4th ed. 1971):
"The temporary emotion of fright, so far from serious that it does no physical harm, is so evanescent a thing, so easily counterfeited, and usually so trivial, that the courts have been quite unwilling to protect the plaintiff against mere negligence, where the elements of extreme outrage and moral blame which have had such weight in the case of the intentional tort are lacking." (Footnotes omitted)
Louisiana courts have allowed recovery of damages for mental anguish in cases involving other torts, such as trespass [Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317 (1953)], assault [Boutte v. Hargrove, 277 So.2d 757 (La.App. 4th Cir. 1973), amended on other grounds, La., 290 So.2d 319 (1974)], invasion of privacy [Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955)], and other acts involving the violation of recognized individual rights. These compensatory damages have been awarded whether or not the violation causes pecuniary damage [McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21 (1944)], since such violations self-evidently result in mental anguish (Grandeson International Harvester Credit Corp., supra).
In negligence cases involving injury to property this court has limited recovery of damages for emotional stress (unaccompanied by physical injury) to those cases where the disturbance causes bodily harm or illness. See Carimi v. Saia, 301 So.2d 895 (La.App. 4th Cir. 1974), explaining Cooper v. Christensen, 212 So.2d 154 (La. App. 4th Cir. 1968) and Holmes v. Le Cour Corp., 99 So.2d 467 (La.App. 4th Cir. 1958).[1]
In the present case there was no proof that any emotional distress suffered by Mr. or Mrs. Chriss in connection with their property damage resulted in injury or bodily harm. Although Mr. Chriss was disabled by hypertension, he did not seek medical attention after the incident. Therefore, no damages will be allowed for mental anguish.
Damages are recoverable, however, for loss of normal use of the building.
In Reisz v. Kansas City So. R. Co., 148 La. 929, 88 So. 120 (1921) the owner of a building used for rental purposes was awarded a sum for loss of its use, equal to the amount of rental lost. Furthermore, damages for loss of use are recoverable whether the property is used for business *806 or personal purposes. Nolan v. Liuzza, 301 So.2d 892 (La.App. 4th Cir. 1974), involving loss of use of a personal automobile.
The normal measure of damages for loss of use is the rental value of similar property and perhaps necessary incidental expenses. It is not necessary, however, that a plaintiff actually rent substitute property in order to recover damages due for loss of use. Rental (which accomplishes the substitution of the use of similar property for that of the injured property) does not determine entitlement to damages, but only provides a fair measure of damages in appropriate cases.
In the present case plaintiffs (if financially able) could have rented a similar home during the period of repairs and set a monetary measure of their loss of use. The fact that they did not do so does not disentitle them to recovery of this item of damages. They nonetheless sustained the loss of normal use and, because of financial or other reasons, endured the inconvenience of using the property under abnormal and difficult circumstances.
The period of compensatory loss of use is the time required to secure the repair of the property in the exercise of proper diligence. Nolan v. Liuzza, supra. Defendant contends that the period of six weeks for completing repairs was unreasonable because of unwillingness of their homeowner's insurer to accept the first contractor's bid.
Plaintiffs need only show that they themselves exercised proper diligence in securing repairs. They contacted their homeowner's insurer the day following the accident and cooperated fully in expediting the repairs. We conclude plaintiffs have proved due diligence and are entitled to loss of use for the entire period.
The record contains no evidence (such as the cost of renting similar property) which would assist in measuring the damages for loss of use. Accordingly, we remand solely for evidence on this issue and for determination of the amount of damages for loss of use.
For these reasons, the judgment of the trial court is affirmed insofar as the award of $100.00 to Walter Chriss for the portion of the property damage paid by him. The remainder of the judgment is set aside, and it is now ordered that the case be remanded solely for evidence on the value of the loss of use during the period of six weeks. Assessment of court costs will await final disposition of the case.
Affirmed in part, set aside and remanded in part.
NOTES
[1] There would be an obviously unjust inconsistency in allowing damages for emotional disturbance resulting from injury to one's property and denying such damages resulting from injury to another person closely related to the plaintiff.