322 So.2d 802 (1975)
Bruce MEADOR and Gretchen Meador
v.
TOYOTA OF JEFFERSON, INC., et al.
No. 6915.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1975.
Rehearings Denied November 11, 1975.
Writ Granted January 7, 1976.
Marvin C. Grodsky, New Orleans, for plaintiffs-appellees.
Fernand F. Willoz, III, New Orleans, for defendant-appellant, Toyota of Jefferson, Inc.
Before SAMUEL, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
This is an appeal from a judgment in favor of an automobile owner against an automobile dealer for damages which included aggravation, distress and inconvenience caused by the loss of use of the vehicle, payment of monthly installments on a note for a period of seven months, together with monthly automobile insurance payments for the same amount of time while the automobile was being repaired, all of which totalled the sum of $1,554.77.
Plaintiffs' automobile was damaged as the result of a collision and thereafter was delivered to the defendant automobile dealer, *803 Toyota of Jefferson, Inc., for the purpose of having repairs made to the vehicle. The basis of plaintiffs' claim for damages is that the repairs to the vehicle were faulty, and that plaintiffs suffered a loss of use of the vehicle caused by the unnecessary and excessive delay of Toyota of Jefferson, Inc., in completing the repairs. The suit was initially directed against plaintiffs' collision insurer, Toyota of Jefferson, Inc., the dealer, and the regional and national distributors of Toyota automobiles. All defendants in this suit were dismissed with the exception of Toyota of Jefferson, Inc., appellant herein.
It is Toyota's position, on appeal, that the trial judge erroneously allowed damages for the period of time that plaintiffs were deprived of the use of the automobile because plaintiffs had not suffered any pecuniary loss since they did not rent a substitute vehicle. Defendant disputes also that reimbursement for note payments, insurance premiums and aggravation and distress were proper items of damages. Alternatively, defendant claims that the trial judge erred in allowing recovery based on a period of seven months that the automobile was in defendant's possession. It is defendant's position that plaintiffs did not authorize the repair of the automobile until after the vehicle had been at defendant's repair shop for "several weeks", and that it was understood by plaintiffs that two months would be required to effect repairs on the vehicle. According to defendant, the accident occurred on February 9, 1972, and the automobile was in its possession from the latter part or end of February, 1972, through September 20, 1972. When the two month period agreed upon to complete the job is subtracted from the total time that the automobile was in possession of defendant, the maximum loss of use for which defendant can be held responsible is a period of five months and not seven months as determined by the trial judge.
In seeking to have the judgment affirmed, plaintiffs contend that they are entitled to recover damages for loss of use of either a commercial or a pleasure vehicle, which losses may be measured by the cost of hiring or renting another vehicle while repairs are being made. Plaintiffs also claim they are entitled to recovery for damages to the interior of the vehicle which occurred when the automobile was allowed to be exposed to the elements while the vehicle was in the defendant's shop. Those claimed damages include stains in the interior, holes in the seats and discoloration of the upholstery. Plaintiffs point out in brief that the vehicle was a comparatively new one which had been purchased approximately five months prior to the accident.
The trial judge made the following awards to plaintiffs:
"(1) Payment of notes for seven months at $86.11 per month ($602.77)
"(2) Seven months insurance at $36.00 per month ($252.00)
"(3) For aggravation, distress and inconvenience ($700.00)"
Our evaluation of the evidence leads us to a conclusion that the trial judge was correct in finding that Toyota breached the contract but erred when he based the awards in favor of plaintiffs on possession by defendant for a seven month period of time. The record supports the trial court's conclusion that defendant Toyota retained possession of plaintiffs' vehicle for an inordinate and unreasonable length of time to make the repairs resulting in a breach of contract for which plaintiffs are entitled to be compensated. However, the record is clear that under ordinary circumstances, approximately a two month period would have been required to properly repair the automobile, assuming that parts were available. Gretchen Meador stated that she was told initially that the repairs would take about two months. James Price, a metal man, estimator and supervisor of defendant's repair shop estimated one and a half months would be required *804 to complete the job, depending on availability of parts. When we deduct the two month period of time for repairs under ordinary circumstances, we necessarily conclude that the unreasonable amount of time which Toyota retained possession for which they may be answerable in damages totals five months.
We are next confronted with the question of damages. Damages for breach of contract are provided in LSA-R.C.C. art. 1934, which, in pertinent part, reads as follows:
"Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
"1. * * *
"2. * * *
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule."
Included in the award by the trial judge as hereinbefore pointed out are damages for loss or deprivation of use of the automobile as represented by the reimbursement to plaintiffs for monthly note payments as well as prorated insurance premiums and for aggravation, distress and inconvenience. In the recent case of Chriss v. Manchester Insurance & Indemnity Co., 308 So.2d 803 (La.App., 4th Cir. 1975), we concluded that a plaintiff in a tort suit was entitled to damages for loss of use of his property, though he did not obtain the rental of substitute property, where the damaged party offers proper evidence of the cost of comparable substituted property. In Chriss no actual pecuniary loss was incurred by the rental of substituted property.
As pointed out hereinabove, however, the measure of damages in a breach of contract case is determined as set forth in LSA-R.C.C. art. 1934. As we read subparagraph 3 of that codal provision, damages may be assessed for pecuniary loss or the privation of pecuniary gain. Distinguishable from tort, in contract, absent testimony of a pecuniary loss or privation of a pecuniary gain, plaintiff is not entitled to recover for damages for loss of use. See DiGiovanni v. April, 261 So.2d 360 (La.App., 1st Cir. 1972); Aiken v. Moran Motor Company, 165 So.2d 662 (La.App., 1st Cir. 1964).
In the instant case, plaintiffs testified that they did not obtain the rental of a substitute automobile. In this regard, plaintiffs suffered no pecuniary loss. In fact, no testimony was offered by plaintiffs that they suffered any actual pecuniary loss or were deprived of any actual pecuniary gain as a result of the breach except the cost of the monthly note payments and prorated insurance premiums for a five month period. Under the circumstances, plaintiffs are entitled to recover for reimbursement of the note payments and the insurance premiums during the time plaintiffs were deprived of the vehicle's use. Accordingly, we agree with the trial judge to the extent that plaintiffs' recovery of the note payments and insurance premiums are proper items of damages, but only for a five month period.
*805 Directing our attention now to the $700.00 award for "aggravation, distress and inconvenience", we conclude that the trial judge erred in making this award. In breach of contract cases, award for humiliation, inconvenience, anxiety, aggravation, distress, mental anguish, etc., cannot be awarded unless the contract has, for its object, the gratification of some intellectual enjoyment. See Tauzin v. Sam Bronssard Plymouth, Inc., 283 So.2d 266 (La.App., 3d Cir. 1973); Moreau v. Marler Ford Company, Inc., 282 So.2d 852 (La.App., 3d Cir. 1973). The contract, in the instant case, does not fall within the exception allowing for damages for inconvenience, aggravation and distress.
The final claim for damages sought by plaintiffs, i.e., damage to the interior of the vehicle, which plaintiffs claim was caused when defendant allowed the automobile to be exposed to the elements while in its (defendant's) possession, was rejected by the trial judge. In support of this claim, plaintiffs offered their testimony together with unclear photographs of the interior of the vehicle. On the other hand, the manager of the defendant company denied that the interior was damaged as claimed by plaintiffs. The conclusion reached by the trial judge in rejecting plaintiffs' claim for this item of damages is a credibility determination supported by testimony in the record. The trial judge simply chose to accept the testimony of the manager of the defendant company and to reject plaintiffs' testimony. We cannot say the trial judge erred.
Accordingly, consistent with the above, that part of the judgment awarding plaintiffs the sum of $700.00 for aggravation, distress and inconvenience is reversed and set aside. That part of the judgment awarding $602.77 for payment of notes for a period of seven months is amended and reduced to the sum of $430.55, computed at $86.11 per month for a period of five months. The award in the sum of $252.00 for monthly insurance premiums for a period of seven months is amended and reduced to the sum of $180.00, computed at $36.00 per month for a period of five months. As amended, the judgment is affirmed and is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiffs, Bruce Meador and Gretchen Meador, and against defendant, Toyota of Jefferson, Inc., in the sum of $610.55, together with legal interest thereon from date of judicial demand and for all costs.
Amended and affirmed.