LEAR, Judge.
Willie Plain d/b/a Interstate Shell Service perfects this appeal from a judgment rendered in his favor but which limited his recovery of damages.
On September 29, 1977, near the hour of 8:30 p. m. in Baton Rouge, Louisiana, defendant-appellee, James L. Soukup, was operating an eighteen-wheeled vehicle near a service station owned and operated by plaintiff-appellant. In attempting to cross a portion of the service station premises, defendant negligently collided with and damaged a parked 1976 Chevrolet automobile owned by plaintiff. Substantial damages were incurred and plaintiff instituted suit against defendants, James L. Soukup, Refrigerated Transport Company, Inc. and Frank Albiero.
The initial suit herein was litigated through the Supreme Court of Louisiana which dismissed as of nonsuit.[1]
Plaintiff filed suit anew, and the matter was tried and judgment entered in his favor and against James L. Soukup in the sum of $2,864.30. Plaintiff’s claims against Refrigerated Transport Company, Inc. and Frank Albiero were dismissed. Plaintiff-appellant urges several errors on appeal.
Three of the errors assigned by appellant relate to the right of a property owner to recover in tort for the loss of use of the “thing” for a period of time and the manner in which the damages, if any, are determined. In the trial court, plaintiff tried to establish that he was deprived of the use and enjoyment of his vehicle for several months; that it was necessary to rent a car from his brother at a price of $35.00 per day, although the record is devoid of specifics.[2] Plaintiff adduced a modicum of testimony to prove the current market price of a rental car at the time of trial (1979) but not at the time of the accident (1977). The trial court, citing these shortcomings, denied recovery. It did allow, however, the sum of $250.00 for inconvenience, mental anguish and humiliation.
It is significant that the only testimony adduced by the defense concerned the appraisal made by Larry J. Hutchens, the adjuster for Crawford Company. His appraisal was made on October 25, 1977, approximately twenty-six days after the accident. The plaintiff called as a witness Joseph Day, the operator of Instant Body Shop which made the repairs herein, who testified that the estimated time for repairs — including requisition of parts — was approximately four weeks. It is clear, therefore, that plaintiff was deprived of his car for a minimal, calculable period of eight weeks.
Appellant is entitled to recover for the loss of use of his automobile during a reasonable period commencing with the accident and ending with repairs, diligently undertaken. Alexander v. Quick Change Car Center, Inc., 352 So.2d 188 (La.1977); Nolan v. Liuzza, 301 So.2d 892 (La.App. 4th Cir. 1974); and Chriss v. Manchester Insurance & Indemnity Company, 308 So.2d 803 (La.App. 4th Cir. 1975). In Chriss, the court said, at page 806:
“The normal measure of damages for loss of use is the rental value of similar property and perhaps necessary incidental expenses. It is not necessary, however, that a plaintiff actually rent substitute property in order to recover damages due to loss of use. Rental (which accomplishes the substitution of the use of similar property for that of an injured property) does not determine entitlement to damages, but only provides a fair measure of damages in appropriate cases.”
Accordingly, we hold that the lower court’s award of $250.00 for, inter alia, inconvenience, was insufficient in light of the circumstances and we, therefore, increase that amount to $500.00.
*369 The appellant claims that the trial court erred in failing to allow a sum for depreciation in the value of his car due to the tort. However, absent any evidence whatsoever to prove the amount of this item, the court was correct in disallowing it.
Appellant assigns error to the refusal of the lower court to tax costs against defendant-appellee incurred in a prior action involving the same parties and issues. (See Footnote 1.) As the trial court correctly stated, the Court of Appeal’s holding which required plaintiff-appellant to pay all costs was neither reviewed nor reversed by the Supreme Court. That judgment, therefore, is final and non-reversible.
Finally, appellant assigns error to the trial court’s dismissal of action against defendants, Refrigerated Transport Company, Inc. and Frank Albiero. None of the defendants nor any agents thereof testified during the trial. Apparently, proof of liability against these two defendants was based on certain answers to interrogatories submitted by Refrigerated Transport Company, Inc. These interrogatories, answers and attachments thereto were never offered by plaintiff at the trial, although mentioned in the pretrial order. It is axiomatic that the only evidence considered in the trial of a cause is that offered by the parties and admitted by the trial court. Plaintiff’s assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is amended to increase the award from $2,864.30 to $3,114.30. In all other respects, the judgment of the trial court is affirmed at appellee’s costs.
AMENDED AND AFFIRMED.

. 367 So.2d 867 (La. 1979).

. There were no cancelled checks or rent receipts produced and plaintiffs brother did not testify.