425 So.2d 874 (1983)
F & F TRANSFER, INC.
v.
Sam TARDO, d/b/a Tardo's Marine and Diesel Service.
No. CA 0074.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1983.
*875 DeMartini, LeBlanc & D'Aquila, Alvin A. LeBlanc, Jr., Kenner, for appellant.
Sam J. Tardo, in pro. per.
Before SCHOTT, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
F & F Transfer, Inc. filed suit against Sam Tardo, doing business as Tardo Marine and Diesel Service for the return of its diesel truck and for damages for the loss of profits resulting from its inability to use the vehicle. The trial court rendered a default judgment against the diesel repair service, awarding the plaintiff the return of its vehicle, but denying damages to the plaintiff. The plaintiff appeals from that portion of the judgment which denied damages. The defendant filed an answer to the plaintiff's motion for appeal wherein he attacked the validity of the trial court judgment. We sustain the judgment of the trial court and affirm.
The two issues presented on appeal are: (1) Is the trial court's default judgment valid? and (2) Did the trial court err in refusing to award the plaintiff damages for the loss of the use of its vehicle?
The facts are as follows:
In May, 1980, F & F Transfer, Inc. brought a white compact diesel truck to the defendant for repairs. The vehicle was used by the plaintiff in its drayage business. The repairs were delayed and on October 15, 1981 a letter was sent by plaintiff, through counsel, to the defendant making demand for work to be completed within thirty (30) days of the date of the letter, with an agreement that $2,700 would be paid for the work, in three (3) equal monthly installments of $900 each. The repaired vehicle was not returned to the plaintiff. On December 8, 1981 plaintiff's attorney again made formal demand, by certified mail for return of the vehicle by November 16, 1981 and gave notice of his intention to file suit for damages if the demand was not met. The vehicle was not returned and this suit resulted.

*876 Validity of the Judgment

The appellee argues, by way of answer to the appeal, that the trial court judgment is invalid. He reasons that, in the absence of the sheriff's return in the record, there is no proof of personal service and the court was without jurisdiction over this matter.
Our review of the record indicates that the sheriff's return was in fact absent from the record when it was lodged on appeal. However, there is evidence that the return was present in court and offered into evidence in support of the confirmation of default judgment. (TR.18). Accordingly, this document has been secured and placed in the record. It reflects personal service on the defendant on January 26, 1982. We are thus satisfied that the plaintiff has complied with the requisites of Code of Civil Procedure Article 1702, and a valid judgment, by default, was rendered on April 13, 1982.

Damages
The appellant argues that he presented a prima facie case on the issue of damages, thus should be awarded $12,898 or alternatively, some sum of damages.
The findings of the trial court are entitled to great weight and will not be overturned, absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1979); Canter v. Koehring, 283 So.2d 716 (La., 1973); Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La., 1977); Johnson v. Alexander, 406 So.2d 1378 (La.App., 3rd Cir.1982). There is a presumption that the trial court's judgment is correct, thus the burden rests with the appellant to prove to the contrary. Gaudet v. Berry, 307 So.2d 767 (La.App., 1st Cir.1975); Jameson v. State Farm Ins. Co., 304 So.2d 85 (La.App., 3rd Cir., 1974). In determining whether there has been an abuse of discretion in making an inadequate damage award, the evidence must be viewed in a light which is most favorable to the defendant. Wilson v. Aetna Casualty & Surety Co., 401 So.2d 500 (La.App., 2nd Cir., 1981).
In the present case, the trial judge refused to award damages to the plaintiff and this finding is entitled to great weight.
The plaintiff's petition alleges a cause of action in tort and contract. It is unclear whether the trial judge found the action to be in tort or contract as no written reasons for judgment were given. However, under either theory of the case, the trial judge correctly concluded that the plaintiff did not bear his burden of proving damages.
In an action for breach of contract the plaintiff may recover damages for proven losses. C.C. Art. 1930. Meador v. Toyota of Jefferson, Inc., 322 So.2d 802 (La.App., 4th Cir., 1975), app. other grounds, 332 So.2d 433 (La., 1976). In such cases, the usual measure of damages is the cost of a rental vehicle less the cost of operation. See: Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App., 1st Cir., 1973), writ den. 279 So.2d 206. Where a rental substitute was not obtained by the plaintiff, he must show, with reasonable certainty, his pecuniary loss in order to recover damages. Folds v. Red Arrow Towbar Sales Co., 378 So.2d 1054 (La.App., 2nd Cir., 1979); Meador v. Toyota of Jefferson, supra.
The allowance of loss of profits as an element of damages is more liberal in actions purely in tort, as opposed to actions for breach of contract. See: C.C. Art. 2315. Shreveport Laundries v. Red Iron Drilling Co., 192 So. 895 (La.App., 2nd Cir., 1939). In such cases, the loss of profits is recoverable as an element of damages, if they are proven with reasonable certainty. Mire v. Timmons, 155 So.2d 265 (La.App., 2nd Cir., 1963); Jenkins v. Audubon Insurance Co., 110 So.2d 221 (La.App., 1st Cir., 1959). That is, the plaintiff must show that the loss of profits is more probable than not. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971).
A claim for loss of profits will not be supported by mere estimates of loss. Shreveport Laundries v. Red Iron Drilling Co., supra. This is especially true in those cases in which corroborative evidence is *877 shown to be available and is not produced. Peoples Moss Gin Co., Inc. v. Jenkins, 270 So.2d 285 (La.App., 3rd Cir., 1972). Although the absence of independent corroborative evidence is not always fatal, the lack of even a minimal degree of detail and specificity in the plaintiff's testimony, regarding the issue of lost profits, would preclude recovery of this item of damages. Casadaban v. Bel Chemical & Supply Co., Inc., 322 So.2d 854 (La.App., 1st Cir., 1975).
In this case plaintiff alleged in its petition that the defendant's actions caused plaintiff to suffer damages because "plaintiff has been forced to rent and continue to rent replacement vehicles at a cost of $20,000." However, on confirmation of the default, plaintiff offered no evidence to support its claim of rental expenses, nor proof that there was work to be performed by the subject truck, nor any explanation for its failure to rent substitute vehicles. Instead, plaintiff attempted to prove a loss of profits by a mathematical formula.
The plaintiff's president testified that he consulted with his bookkeeper to determine the loss of profits caused by the loss of the use of the truck. He stated that based upon this discussion he considered the revenue derived from the vehicles in the fleet, less the cost of operating the vehicles, in order to arrive at a figure which represented the profits per day for each vehicle. He further stated that the computation covered the time period from November, 1981 until the date of trial and the sum total loss was computed to be $12,898.89.
The president of the plaintiff company did not speak from personal knowledge, rather, his testimony was based upon hearsay, that is, an alleged conversation with his bookkeeper. The bookkeeper did not testify and plaintiff failed to produce any documentary corroborative evidence, business records, profit and loss statements or business tax returns to substantiate the claim of loss of profits. Business records were available to plaintiff's bookkeeper and should have been placed in evidence. In this regard the matter is distinguishable from the cases of Fold v. Red Arrow Towbar Sales Co., supra and Southern Plastics Specialties Inc. v. Dixie Brewing Co., 399 So.2d 643 (La.App., 4th Cir., 1981); which appellant cites as authority for his position that he should have been awarded damages for loss of profits. The plaintiff's testimony on the issue of loss of profits was contrary to the allegations in its pleadings and was speculative in nature. Viewing the evidence in the light most favorable to the defendant, we find that the trial judge did not commit manifest error in refusing to award the plaintiff damages for loss of profits. Accordingly, the judgment of the trial court is affirmed. Each party shall bear his respective cost for this appeal.
AFFIRMED.
SCHOTT, J., dissenting with written reasons.
SCHOTT, Judge, dissenting:
After its demand for its vehicle was ignored by defendant it became necessary for plaintiff to file a suit in order to recover it. While plaintiff is not entitled to the amount of damages it claims the trial court should have awarded some damages as in Folds v. Red Arrow Towbar Sales Co., 378 So.2d 1054 (La.App. 2nd Cir.1979); Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir.1973); and Peoples Moss Gin Co. v. Jenkins, 270 So.2d 285 (La.App. 3rd Cir.1972).
In the latter case and in Casadaban v. Bel Chemical & Supply Co., Inc., 322 So.2d 854 (La.App. 1st Cir.1975) the court reduced quantum because of the weakness of plaintiff's evidence but plaintiffs were awarded something in both cases.
I would either make an award or remand the case to the trial court for this purpose.