BOWES, Judge.
Appellants, Lisa T. Nguyen and Automotive Casualty Insurance Company (hereinafter “Automotive”), appeal two judgments of the district court which dismisses their petition for nullity and which set court costs. We affirm as follows.
FACTS
Plaintiff/appellee, Laurie Gaudin (wife of and Jack A. Hertz) (hereinafter “Ms. Gau-din”), initially filed suit against Lisa Nguyen and Old Hickory Casualty Insurance Company (hereinafter “Old Hickory”) for injuries allegedly sustained by Ms. Gaudin in an automobile accident. Also made defendant in that original lawsuit was Liberty Mutual Insurance Company (hereinafter “Liberty Mutual”), Ms. Gaudin’s uninsured/underinsured motorist carrier. Automotive was later substituted as the proper insurer for Lisa Nguyen, in lieu of Old Hickory. Liberty Mutual filed a cross claim against Nguyen and her insurer for indemnity and contribution.
Prior to trial of the matter, Automotive avers that Liberty Mutual made an'unconditional tender of $18,000.00 to Ms. Gaudin. Liberty Mutual cross claimed against Ms. Nguyen and Automotive for reimbursement of those sums.
The matter proceeded to trial by jury, after which the jury rendered its verdict in favor of plaintiffs, in the full sum of $7,097.00. A judgment, which was prepared for the court’s signature, was incorrectly drawn to mistakenly award the sum of $7,097.00 to both plaintiffs and to Liberty Mutual on its cross claim. From this judgment, dated June 22, 1990, all parties appealed.
In the original appeal of this matter, Gaudin v. Nguyen, 573 So.2d 269, (an unpublished opinion) on the docket of this Court, appellants, Automotive and Ms. Nguyen, asserted that the judgment, as written, was erroneous. The judgment as written appeared to condemn Automotive to pay the same judgment twice, once to Laurie Gaudin in the amount of $7,097.00 and also to Liberty Mutual in the sum of $7,097.00.
This Court in its decision in case No. 90-CA-604 amended the original judgment of the trial court to delete the judgment in favor of Liberty Mutual, thus allowing the judgment in favor of plaintiffs to stand. The Louisiana Supreme Court denied writs of certiorari in the matter.
Thereafter, Automotive deposited the amount of the judgment, plus interest, into the registry of the district court contemporaneously filing this petition to annul the original judgment of June 22, 1990. Following a hearing, the district court on December 17, 1992 rendered the judgment appealed herein denying Automotive’s petition to annul the judgment.
Additionally, on January 23, 1992, the trial judge rendered another judgment condemning Automotive to pay all taxable court costs in the amount of $3,148.46. It is from these judgments of December 17, 1991 and January 23, 1992 that Automotive now appeals.
Appellant avers that the attorney for plaintiffs Ms. Gaudin, et al. was guilty of an “ill practice” under LSA-C.C.P. art. 2004, infra, sufficient to entitle her to annul that judgment; and that the trial court improperly assessed appellant with all *836 court costs despite the decision rendered in the Court of Appeal that each party would bear its own costs.[1]
ANALYSIS — PETITION FOR NULLITY
LSA-C.C.P. art. 2004 reads as follows:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
LSA-C.C.P. art. 2005 states:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal.
In the petition to annul, and at the trial court level, Automotive alleged that the “ill practice” which entitles it to have the judgment of June 22, 1990 annulled consisted of the failure of counsel for plaintiffs to timely obtain a transcript of the original trial for purposes of the original appeal. Automotive contends that such a transcript would have proven to this Court, on appeal, that Liberty Mutual had previously tendered to the plaintiff the sum of $18,000.00 as plaintiffs UM carrier; therefore, Automotive urges that the $7,097.00 judgment would have been rendered in favor of Liberty Mutual as subrogors of plaintiff and not in favor of Ms. Gaudin, as this Court actually decreed.
In brief to this Court, Automotive now contends for the first time that plaintiff deliberately mislead this Court in the original appeal by stating in brief that there was no record of the $18,000.00 tender.
We find that appellant's argument fails on several grounds.
In seeking to annul the judgment of June 22, 1990, appellant urges that some action or inaction taken by appellee subsequent to that judgment should be grounds for annulment. We disagree.
The June, 1990 judgment obviously could not have been obtained through fraud or ill practices allegedly committed subsequent to its rendition.
Nullity is an appropriate remedy only when the judgment is obtained by fraud or ill practice. There must be a causal relationship between the fraud or ill practice and the obtaining of the judgment. Ward v. Pennington, 523 So.2d 1286 (La.1988). [Emphasis supplied].
Further, the failure of appellee to obtain a transcript which would allegedly tend to prove a point in favor of appellant is neither fraud nor ill practice.
As the Louisiana Supreme Court has stated:
The action provided by this article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary.
Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980). Therefore, although the definition of ‘ill practice’ is broad, there clearly must be some improper practice or procedure involved to invoke a nullity action. See Phillips v. Patin, 517 So.2d 190, 192 (La.App. 1st Cir.1987) and cases cited therein.
Wilson v. Central Gulf Lines, Inc., 583 So.2d 1164 (La.App. 4 Cir.1991). [Emphasis supplied].
We find no impropriety in the failure of appellee’s counsel to obtain a transcript which would have perhaps or ostensibly proven appellant’s point on appeal. Appel *837 lant’s remedy was to obtain the transcript herself. She is not entitled to rely on the assumption that the appellee (her opponent) will prove her case for her or even assist her in doing so.
Evidence introduced at the trial of the action for nullity established that during the appeal process, appellant, Automotive, specifically informed the Clerk of Court that it would not need a transcript although it was “understood” that plaintiff would ask for such. Plaintiff did indeed attempt to answer but filed its pleadings in an untimely fashion. Therefore, it was established that appellee did attempt to have a transcript provided although it was never completed and filed in the record on appeal. We find nothing in these actions which would constitute an “ill practice.”
Assuming arguendo, however, that the argument raised for the first time in appellant’s brief here is properly before us, and even though an unjust enrichment may have occurred we find no merit to the argument that the statements in Ms. Gaudin’s original brief constitute an “ill practice.” The disputed portion of the brief[2] reads as follows:
Appellant has asserted in brief that Liberty Mutual made an unconditional tender of eighteen thousand dollars to the plaintiff as the uninsured/underin-sured motorist carrier. This proposition appears nowhere of record, and this is a court of record. Appellant seeks to have the judgment — which admittedly does not conform to the jury verdict — modified by the Court, and in so doing seeks to assert rights, which if they exist, belong to Liberty Mutual. The primary contract governing the relationship between Liberty Mutual and the plaintiff is the insurance contract, which is not part of this record.
We do not read this excerpt as an attempt to mislead this Court, but rather as an expression of fact. Appellant has the burden of proving his position and establishing manifest error on appeal. See Jameson v. State Farm Mutual Auto Insurance Co., 304 So.2d 85 (La.App. 3 Cir. 1974); F & F Transfer Inc. v. Tardo, 425 So.2d 874 (La.App. 4 Cir.1983). Automotive asserts that it should have paid the judgment to Liberty Mutual because of the settlement tender made to plaintiff; therefore, it was appellant’s duty to provide the court with evidence of any such settlement. Plaintiffs assertion — that the tender did not appear in the record — is correct and is not an improper procedure, and therefore is not an ill practice within the contemplation of LSA-C.C.P. art. 2004. The trial court was correct in dismissing Automotive’s petition for nullity. This assignment of error is without merit.
COURT COSTS
Automotive urges that the trial court erred in fixing costs at $3,148.46. We disagree.
Appellant contends that this Court ordered all parties to bear their own costs and that that opinion did not limit the matter to appeal costs. Automotive also alleges that even if the opinion is limited to appeal costs, the trial court erred in awarding plaintiff costs incurred in connection with the appeal.
The record does not support this contention. Appellant did not appear at the hearing on the motion to fix costs, which was filed by Automotive. The failure to prove which costs were attributable to the appeal rests with Automotive, and appellant has not borne its burden of proof on appeal that the trial court was manifestly erroneous. See F & F Transfer Inc., supra.
For the foregoing reasons, the judgments appealed from are affirmed. Automotive is taxed with all costs of this appeal.
AFFIRMED.

. Appellee, Gaudin, has not filed a brief in these proceedings. Liberty Mutual is not a party to the present action.

. Appellant Automotive filed a motion to supplement the record with a copy of this brief, which motion was granted.