**LEVEL 3 COMMUNICATIONS, LLC**

v.

**TOOMER ELECTRICAL CO., INC., et al.**

**Civil Action No. 07–462.**

United States District Court, E.D. Louisiana.

May 30, 2008.

---

Roy Clifton Cheatwood, Kent A. Lambert, Baker Donelson Bearman Caldwell & Berkowitz, New Orleans, LA, James J. Proszek, Kimberly R. Schutz, Hall, Estill, Hardwick, Gable, Golden & Nelson, PC, Tulsa, OK, for Plaintiff.

Leon A. Aucoin, Law Offices of Leon A. Aucoin, Covington, LA, for Defendants.

## ORDER AND REASONS

JAY C. ZAINEY, District Judge.

Before the Court are cross **Motions for Partial Summary Judgment (Rec. Docs. 44 & 50)** on the issue of loss of use damages filed by plaintiff Level 3 Communications, LLC and defendants Toomer Electrical Co. and Diamond Electrical Co. The motions, set for hearing on April 16, 2008, are before the Court on the briefs without oral argument. For the reasons that follow, Plaintiff's motion is GRANTED and Defendants' motion is DENIED.

## I.  BACKGROUND

Plaintiff Level 3 Communications contends that on January 31, 2006, Defendants severed its underground fiber optic telecommunications cable while performing excavation work near I610 and Franklin Avenue in New Orleans. Plaintiff seeks damages for repair costs ($88,002.17), customer credits ($1,273.12), and loss of use of the damaged cable ($229,493.88).

The instant motions raise the issue of whether Louisiana law permits Plaintiff to recover damages for loss of use given that Plaintiff did not actually expend funds to rent substitute capacity on another carrier's cable while its own cable was being repaired. Defendants contend that Plaintiff was able to reroute all traffic from the damaged cable onto another cable within its network, and that Plaintiff has claimed lost profits or outage credits as a separate element of damages. Defendants argue that under the circumstances Plaintiff should not be allowed to reap such a wind-

fall by collecting loss of use damages, particularly at the measure Plaintiff is seeking which is the cost that Plaintiff would have incurred had it actually procured comparable capacity from another carrier.

Plaintiff argues that Louisiana law does not require a plaintiff to show lost revenues or profits or to actually obtain substitute property from a third party before being entitled to loss of use damages. Plaintiff also argues that the rental value of substitute property is the proper measure of loss of use damages. Plaintiff points out that it was able to reroute all traffic internally because it had expressly reserved the dedicated, spare capacity necessary for use in such emergencies.

## II. *DISCUSSION*

■ The substantive law governing this negligence action is Louisiana state law. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under *Erie,* this Court determines Louisiana law by first looking to the rulings of the state's highest court. *Howe v. Scottsdale Ins. Co.,* 204 F.3d 624, 627 (5th Cir.2000) (citing *Labiche v. Legal Sec. Life Ins. Co.,* 31 F.3d 350, 351 (5th Cir.1994)). If the state's highest court has yet to rule on an issue then federal courts may look to the decisions of the state's intermediate appellate courts for guidance. *Id.* (citing *Matheny v. Glen Falls Ins. Co.,* 152 F.3d 348, 354 (5th Cir.1998)).

In *Chriss v. Manchester Insurance & Indemnity Co.,* 308 So.2d 803, 805 (La. App. 4th Cir.1975), the court allowed loss of use damages where an errant vehicle had damaged the plaintiffs' home forcing them to use their neighbor's bathroom and kitchen facilities. The plaintiffs in that case did not actually rent other property while their home was being repaired although the court recognized that they would have been entitled to do so and recover that loss. *Id.* at 806. The court held that the plaintiffs were not required to actually rent substitute property in order to recover loss of use damages. *Id.* The court stated that rental costs only provide the fair *measure* of damages in appropriate cases but do not determine *entitlement* to damages. *Id.; see also Nunez v. St. Bernard Parish Fire Dep't,* 519 So.2d 857, 862 (La.App. 4th Cir.1988).

Neither party points to any Louisiana Supreme Court decisions of significance and this Court's own research has likewise revealed none. Nevertheless, the Court is persuaded that the result reached in *Chriss, supra,* is consistent with Louisiana law.

■ There is no disputing that Plaintiff would have been entitled to recover the actual cost of renting substitute capacity had it actually incurred those costs. Plaintiff contends, and the Court will assume as true for purposes of this motion, that the reason that Plaintiff was able to reroute traffic internally, and therefore avoid paying another carrier, was because Plaintiff had built redundancy into its system of networking for emergencies such as the one involved here. Redundancy usually comes at additional cost yet Plaintiff had made a business decision before this incident occurred to incur those additional costs so that it could rely on its own systems to keep its network up and running during an emergency. Thus, Defendant is seeking to reduce its own liability by relying upon the increased level of preparedness in which Plaintiff chose to invest for its business. Louisiana courts embrace and apply the collateral source rule which precludes a tortfeasor from receiving credit for benefits conferred on an injured party from other sources. *Bozeman v. State,* 879 So.2d 692, 697 (La.2004). The Court is persuaded that Level 3 can recover loss of use damages for its severed

cable notwithstanding that it chose to reroute traffic internally. Moreover, the Court is likewise persuaded that under Louisiana law the appropriate measure of damages is the reasonable cost that Plaintiff would have expended renting substitute capacity on another carrier.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment Regarding Entitlement to Loss of Use Damages and the Proper Measure of Those Damages (Rec. Doc. 44)** filed by plaintiff Level 3 Communications is **GRANTED;**

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 50)** filed by defendants Toomer Electrical Co. and Diamond Electrical Co. is **DENIED.**