413 So.2d 640 (1982)
G. Garner HALL
v.
MID-AMERICAN CASUALTY COMPANY.
No. 14700.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*641 G. Garner Hall, in pro. per.
Brent E. Kinchen, Baton Rouge, for defendant-appellee.
Before LEAR, CARTER and CHIASSON, JJ.
CHIASSON, Judge.
Mrs. G. Garner Hall appeals the judgment of the City Court of Baton Rouge which ordered the defendant-appellee, Mid-American Casualty Company, to pay Mrs. Hall $326.18 in property damages sustained in a minor vehicular collision and condemned Mrs. Hall to pay all court costs.
This suit was litigated without counsel. Mrs. Hall represented herself and appellee was represented by Mr. Charles Zachariah, a claims adjuster. They were the only two persons who testified in the case.
On May 30, 1978, Mid-American's insured backed into Mrs. Hall's unoccupied, parked car causing damage to the left side of her automobile. The damage to her car was estimated at $251.22 by appellee's appraiser, Underwriters Adjusting Company. The two appraisers for appellant estimated the damages at $326.18 by Fact-O-Bake and at $327.54 by Instant Body Shop.
It appears that appellee received the estimate from its appraiser about five days after receipt of the notice of loss. On that same day, a settlement check was mailed to Mrs. Hall. Mrs. Hall wrote Mid-American the following February advising it of her dissatisfaction with the payment and Mid-American responded that if necessary, it would reinspect her vehicle at the repairing facility of her choice.
Mrs. Hall filed suit by letter seeking $500.00 plus court costs and judicial interest. This sum "... represents the cost of having my car repaired and of providing for substitute transportation." Mrs. Hall alleges that Mid-American has agreed to pay for the damage to her car, but her claim has not been satisfactorily settled. Additionally, Mrs. Hall alleges that Mid-American Casualty Company has not acted in good faith.
The court, after hearing the testimony of both witnesses, found that Mid-American made all of the efforts required by it to satisfy this claim and rendered judgment in favor of Mrs. Hall in the amount of $326.18. The court denied Mrs. Hall's request for damages allegedly sustained as a result of her having to provide substitute transportation, stating that such was not made part of her petition and that there was no proof adduced on that point and ordered Mrs. Hall to pay all court costs.
On appeal, Mrs. Hall, in proper person, argues that the trial court erred in finding that Mid-American negotiated in good faith, in ordering her to pay court costs, and in not allowing her money for substitute transportation. Mid-American contends that it made every effort to conclude this claim to the satisfaction of Mrs. Hall, but that she failed to provide any cooperation.
With regard to the cost incurred in having to provide substitute transportation, we find the trial court erroneously stated that such was not made a part of Mrs. Hall's petition and that no evidence was adduced on this point. Mrs. Hall is entitled to receive compensation for loss of use of her automobile. Plain v. Refrigerated Transport Company, Inc., 393 So.2d 367 (La. App. 1st Cir. 1980), and the cases cited therein.
In that case, we held that a fair measure of damages for loss of use is the rental value of similar property. We find that it was Mr. Zachariah who stated that the rental value of a car for one day is fifteen dollars. There is no proof that it would take more than a day to repair the damages. *642 Therefore, we hold that Mrs. Hall is entitled to an increase in her award from $326.18 to $341.18.
Code of Civil Procedure Article 1920 provides that "... the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
The trial judge has great discretion in assessing costs, but the general rule is that costs are to be paid by the party cast in judgment. La.C.C.P. art. 1920; Ditch v. Finkelstein, 399 So.2d 1216 (La.App. 1st Cir. 1981); Gholar v. Security Insurance Company of Hartford, 366 So.2d 1015 (La.App. 1st Cir. 1978).
Because we find that Mrs. Hall is entitled to judgment for damages to her vehicle and for loss of use thereof, costs in the trial and appellate courts are to be paid by defendant-appellee.
AMENDED IN PART, REVERSED IN PART AND RENDERED.