443 So.2d 739 (1983)
Brenda Lee COOLEY
v.
ALLSTATE INSURANCE COMPANY.
No. CA-0909.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Rehearings Denied January 25, 1984.
Writ Denied March 16, 1984.
*740 John J. Hainkel, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellant, Allstate Ins. Co.
Lawrence J. Boasso, Noland & Boasso, New Orleans, for plaintiff-appellee, Brenda Lee Cooley.
Before WARD, GULOTTA and KLEES, JJ.
WARD, Judge.
On July 30, 1981, Brenda Lee Cooley sustained serious leg injuries when an iron balcony she was sitting on collapsed and fell from a house. The house owner's insurer, Allstate Insurance Company, admitted liability, leaving only the issue of damages to be determined by the jury. The jury awarded Cooley fifty-five thousand dollars ($55,000.00). Cooley filed several post trial motions, one was for Judgment Notwithstanding the Verdict, another for Additur, and a third for a New Trial. The Trial Court denied the motions for Additur and New Trial, but entered a Judgment Notwithstanding the Verdict awarding Cooley ninety thousand dollars ($90,000.00).
On appeal, Allstate contends that the Judgment Notwithstanding the Verdict was an improper procedural device by which to raise the amount of damages and they argue that the original judgment was *741 not inadequate. We find merit in Allstate's contention that the Judgment Notwithstanding the Verdict was improper and that Additur would have been the appropriate procedure by which to raise the damage award. Therefore, we will vacate the Trial Judge's order entering a judgment notwithstanding the verdict, and decide the case on the record before us.
Cooley argues that additur is not the exclusive means by which to amend a damage award and that C.C.P. Art. 1810.1 does not specifically exclude the use of a Judgment Notwithstanding the Verdict to amend jury awards of damages. Even though not excluded, we believe that C.C.P. Art. 1810.1 was not intended as a procedure to alter the jury's award of damages.
The procedural remedy of Judgment Notwithstanding the Verdict is relatively new in Louisiana. The Article granting the remedy, C.C.P. Art. 1810.1, was enacted in 1982 and provides:
A. After a verdict has been returned by the jury, the court upon timely motion may set aside the verdict and enter a judgment notwithstanding the verdict in favor of any party.
* * * * * *
C. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct that a judgment be rendered. If no verdict was returned, the court may direct that a judgment be rendered or may order a new trial.
* * * * * *
E. The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972, 1973, or both. The motion for a new trial shall be filed no later than seven days after the signing of the judgment notwithstanding the verdict. The motion shall be served pursuant to Article 1976.
The procedural remedy of additur is based on C.C.P. Art. 1813 which states:
If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.
C.C.P. 1810.1 was modeled after Federal Rule of Civil Procedure 50(b-d). Thus, it is proper to consult federal jurisprudence for guidance in determining the scope of Art. 1810.1.
In Presidential Properties, Inc. v. Canto, 615 F.2d 657 (5th Cir.1980), the plaintiff argued that the district court erred in denying plaintiff's motion for Judgment Notwithstanding the Verdict because the jury had made a mistake in calculations and given the defendant twice the amount of credit due. The appellate court held that the district court did not err in concluding that it could not tamper with the verdict by granting the Motion for Judgment Notwithstanding the Verdict because of the Seventh Amendment to the United States Constitution which guarantees the right to trial by jury.
Louisiana recognizes the right to trial by jury in Code of Civil Procedure Article 1731. Accordingly, C.C.P. Art. 1813 provides that additur is an alternative to a new trial and may be entered only with the consent of the non-moving party. In Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La.App. 3rd Cir. 1983), a comparative negligence case, a Judgment Notwithstanding the Verdict was entered as to liability and the judgment also amended the damages awarded by the jury. On appeal, the Third Circuit held that the procedural remedy of Judgment Notwithstanding the Verdict was not intended to supplant the procedure for additur, since C.C.P. Art. 1810.1 did not *742 amend or repeal C.C.P. 1813. Thus, they held that the trial court must still utilize additur to raise a damage award. In discussing the rights of the non-moving party, the Court stated:
On the basis of article 1813 the trial court is not empowered to increase or decrease a jury verdict without the consent of the affected party. He may order a new trial if he finds the verdict is excessive or inadequate. By indicating to the affected party the amount by which he thinks the verdict is excessive or inadequate, with that party's consent a remittitur or additur may be entered as an alternative to a new trial. Without the consent of the affected party, however, to a remittitur or an additur, a new trial must be granted as to damages when the trial court makes a finding that the jury verdict is excessive or inadequate. (Emphasis Added)
In contrast, the consent of the non-moving party is not required for the granting of a Judgment Notwithstanding the Verdict. Although the non-moving party may apply for a new trial under C.C.P. Art. 1810.1, it is within the discretion of the trial judge to deny the motion. Considering that the right to trial by jury is recognized in Louisiana, we believe that the difference in the rights afforded the non-moving party under Code of Civil Procedure Articles 1810.1 and 1813 is of such significance that the procedures should not be used interchangeably.
Additionally, a general rule of statutory construction is that when a statute is subject to more than one interpretation, the interpretation that results in a reasonable and practical effect is preferred. See Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980). If C.C.P. Art. 1810.1 is interpreted to be one of two proper means through which to alter a damage award, the rights of the non-moving party under additur would be contingent on the trial judge's discretionary choice of remedies. This would have a potentially detrimental effect on the non-moving party's right to trial by jury under C.C.P. Art. 1813, and would lead to an arbitrary variance in the rights afforded litigants. Thus, such an interpretation of C.C.P. Art. 1810.1 would not yield a reasonable and practical effect.
Another general principle of statutory construction is that when two statutes appear applicable to the same subject, the statute that is more specifically directed to the matter at issue must prevail. See Smith v. Cajun Insulation, Inc., supra, and Boudreaux v. Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1st Cir. 1982). C.C.P. Art. 1810.1 speaks of verdicts in general, whereas C.C.P. Art. 1813 specifically addresses verdicts that are so excessive or inadequate as to warrant a new trial. Hence, we believe that C.C.P. Art. 1813, which specifically addresses damage awards, remains the proper procedure for amending damage awards.
We conclude that the trial court erred in altering the award through a Judgment Notwithstanding the Verdict. We would remand for additur, (see Rougeau v. Commercial Insurance Co., supra), but Cooley, having received the relief sought through the granting of the Judgment Notwithstanding the Verdict, did not appeal the Trial Court's denial of the Motion for additur and that ruling is now final. See Houston Oilfield Company v. Pioneer Oil and Gas Company, 236 So.2d 536 (La.App. 4th Cir., 1970); and Mitchell v. Louisiana Power and Light Co., 380 So.2d 743 (La. App. 4th Cir.1980). As a matter of fact neither party has requested a remand in the event that this Court finds error in the granting of the Judgment Notwithstanding the Verdict. Cooley argues that the granting of the Judgment Notwithstanding the Verdict, if found to be error, should be considered as harmless error because the record supports the Trial Court's award of damage. We are not inclined to consider the error as harmless, however, because of its effect on the defendant's right to a new trial under C.C.P. Art. 1813. Neither does Allstate request a remand, but it argues that the Trial Judge erred when he rendered a judgment notwithstanding the verdict, then this Court should reinstate the *743 jury verdict and that this Court should review the record only to determine if that verdict was manifestly erroneous. Allstate argues that it was not.
We conclude that the granting of the Judgment Notwithstanding the Verdict was an improper means through which to raise the damage award, and the Judgment Notwithstanding the Verdict is vacated, and, the jury verdict is reinstated. Ordinarily we would remand to give Allstate an opportunity to elect either an additur or a new trial; but because and only because neither party has requested a remand for compliance with C.C.P. Art. 1813, we will review the verdict rendered by the jury under the manifest error standards set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
Cooley sustained injury when a second story iron balcony suddenly collapsed, catching her underneath the ironwork. She was taken to a hospital and immediately treated for a comminuted fracture of the left tibial plateau in the knee, a fracture of the left fibula, and injury to her left medial ligament and right foot. She subsequently underwent three operations during a ten-month period. She has a permanent loss of ten to fifteen degrees of mobility in the left knee and worsening traumatic arthritis. Cooley was twenty-six years old at the time of the injury and the photographic evidence revealed significant scars. Although the scars may be improved by plastic surgery, Cooley's orthopaedic surgeon recommended that she exercise the knee joint as much as possible, but the success of plastic surgery depends on immobilization of the joint for at least a month after surgery. Cooley was unable to maintain employment during the more than one year of surgical and theraputic treatment required to regain partial use of her knee. Her total medical expenses exceeded twelve thousand dollars ($12,000.00). Considering these facts, we believe that the jury award of $55,000 is below the lowest amount within the jury's discretion. Coco v. Winston Industries, Inc., supra. The record supports an award of $90,000, which we believe under the facts of this case to be the lowest amount within the jury's discretion. See Thorton v. Moran, 341 So.2d 1136 (La.App. 1st Cir. 1976); Parker v. South Louisiana Contractors, 370 So.2d 1310 (La.App. 1st Cir. 1979). Therefore, in exercise of the powers granted this Court in Article 5, Section 10(B) of the Louisiana Constitution of 1974 and pursuant to C.C.P. Art. 2164, we enter judgment in the amount of $90,000.
For the above reasons, the ruling of the trial court granting a Judgment Notwithstanding the Verdict is reversed. Judgment is entered in favor of Cooley awarding $90,000.00 for the injuries she sustained.
GULOTTA, J., concurs.
GULOTTA, J., concurring.
I concur in the result.

ON APPLICATION FOR REHEARING
PER CURIAM.
In an application for rehearing, Counsel for Brenda Lee Cooley requests this Court to amend its judgment to provide for legal interest on the amount awarded Miss Cooley in that judgment from the date of judicial demand until paid. He also seeks an assessment of court costs.
Although the judgment of this Court is silent regarding legal interest, La. R.S. 13:4203 provides that "[L]egal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto'...." Interest attaches automatically until the judgment is paid in actions ex delicto whether prayed for in the petition or mentioned in the judgment. Thus, Miss Cooley is entitled to be paid legal interest without a formal amendment of our decree. Steele v. St. Paul Fire & Marine Insurance Co., 371 So.2d 843 (La. App. 3rd Cir.1979). Therefore, the rehearing application filed on behalf of Miss Cooley is denied.
Costs of the trial and appellate courts are to be paid by defendant, Allstate Insurance *744 Company. See La.C.C.P. Arts. 1920, 2164 and Hall v. Mid-American Casualty Co., 413 So.2d 640 (La.App. 1st Cir.1982).