DOMENGEAUX, Judge.
Paul Jerry Guidry instituted this action seeking damages resulting from an accident which occurred on June 1, 1981. The case was tried by a jury which concluded that the plaintiff and the defendant each were guilty of fault having a causal relationship to the plaintiff’s accident and injuries. The jury’s verdict set plaintiff's damages in the amount of $30,000.00 and further allocated the percentage of fault to be 50 percent as to the plaintiff and 50 percent as to the defendants. In accordance with the jury verdict, formal judgment was signed in favor of the plaintiff and against the defendants in the amount of $15,000.00 plus interest and costs.
Plaintiff has appealed claiming the trial court’s judgment was in error insofar as it found that the plaintiff, Paul Jerry Guidry, was guilty of any negligence which caused the accident and the damages resulting therefrom.
*1281 On the date of the accident, the plaintiff was driving his automobile in a southerly direction on Highway 71, with his wife as a guest passenger. At the location south of Alexandria before Meeker, La., this highway is designated by two numbers, Hwy. 71 and Hwy. 167. It is a four-lane divided highway which runs in a south-southeast direction. At Meeker, Hwy. 167 turns off Hwy. 71 and runs in a southwesterly direction towards Turkey Creek. At this point Hwy. 71 continues in a southeast direction where the four-lane highway becomes two-lane, still with two-way traffic. According to the investigating officer the lanes merge and the highway narrows approximately 300 yards south of Meeker.
Also traveling this section of Hwy. 71 were Arthur Ross Cagle, Jr. and Robert A. Foster, both employees of defendant — Ca-gle Brothers Circle C Pump Service, Inc. At the time of the accident Foster was driving a 1979 GMC pickup truck, followed by Cagle who was driving a 1968 Chevrolet 2-ton truck which pulled a trailer and backhoe. These two vehicles were traveling in the right or outside lane of Hwy. 71, traveling south of Alexandria towards Meeker. At some point between Meeker and the area where the four-lane merges to a two-lane road (a distance of approximately 300 yards), plaintiff passed the Foster and Ca-gle vehicles. At the point where the highway becomes two-lane, the accident site, Guidry stopped with part of his vehicle protruding in the southbound lane. Guidry and his wife both testified that they had intended to turn at Meeker onto Hwy. 167 and proceed through Turkey Creek to their home in Opelousas. Guidry testified that after passing the Cagle and Foster vehicles he did not see those vehicles again until after the impact. But he did testify that after realizing he had missed his turn, upon entering the two-lane portion of Hwy. 71, he attempted to make a U-turn so that he could proceed back toward Meeker and the Hwy. 167 turnoff. Guidry further testified that while stopped in Hwy. 71, preparing to make the U-turn, the rear of his vehicle was struck by the Cagle vehicle.
Although there is conflicting testimony in the record, Foster, who was directly behind the plaintiff, testified that plaintiff did not give any kind of signal showing an attempt to stop, slow down, or turn before he stopped and started his U-turn. Foster further testified that plaintiff came to a fast, complete, unsignaled stop. Foster stated that when he saw the plaintiff stopping he applied his brakes and skidded onto the right shoulder of the road, stopping at a point to the right of and even with the plaintiffs vehicle. With Foster on the right shoulder of Hwy. 71, Cagle, in the third vehicle, had nowhere to go and was unable to stop; the left front of his vehicle struck the left rear of the Guidry vehicle.
It is an elementary concept that an appellate court should not disturb a trial court finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Although there is conflicting testimony in the record as to the exact manner in which the plaintiff attempted to make the U-turn, there is also testimony from which the jury could have concluded that plaintiff acted in a negligent manner. Mr. Foster testified that the plaintiff made an unsignaled, abrupt stop in the middle of a major highway in order to make a left turn.
In his brief to this Court, the plaintiff cites and relies heavily upon the cases of Viator v. Gilbert, 206 So.2d 106 (La.App. 4th Cir.1968); writ refused, 251 La. 1048, 208 So.2d 323, granted in part, 251 La. 1056, 208 So.2d 326 (La.1968); and Welch v. Thomas, 263 So.2d 427 (La.App. 1st Cir.1972), writ denied, 262 La. 1132, 266 So.2d 434 (1972). It should be noted that in both of these cases the lead vehicle came to a sudden stop but the middle vehicle was able to stop behind the lead vehicle without colliding with the lead vehicle. The third vehicle then collided with the middle one, resulting in the accidents in each of those cases. In each case the Court in effect said that since the immediately following vehicle was able to stop without colliding with the lead vehicle, the operator of the third vehicle was negligent in colliding with the second. We conclude that these cases *1282 have no application to the instant suit because Foster, the middle vehicle, was able to avoid colliding with Guidry only because the right shoulder and ditch were available to him. Because of the availability of the shoulder and ditch Foster pulled to the right and came to a stop partially on the shoulder and partially in the ditch even with the Guidry vehicle. Because Guidry blocked a portion of the southbound lane and Foster’s vehicle blocked the right shoulder and ditch Cagle had no choice but to collide with the left rear portion of the Guidry vehicle.
Additionally, plaintiff strongly argues the duty to maintain a proper lookout.
“[W]e are, of course, cognizant of the myriad of cases which pronounce the well-settled rule that a following motorist is presumed negligent if he collides with the rear of a leading vehicle, as it is generally assumed that he has failed in his responsibility to maintain a sharp lookout to events taking place before him or that he was following at an insufficient distance from the preceding vehicle to allow him to safely stop under normal conditions. Arceneaux v. German, 207 So.2d 244 (La.App. 1st Cir.1968) and authorities cited therein.” Welch v. Thomas, supra.
However, failure to maintain a specific distance between automobiles proceeding in the same direction does not constitute negligence per se. The facts of each case determine what is a safe or reasonable distance and the following motorist is only liable for failing to avoid forseeable dangers and emergencies. Taylor v. Genuine Parts Co., 192 So.2d 241 (La.App. 4th Cir.1966); writ refused, 250 La. 23, 193 So.2d 530 (1967); Aetna Casualty & Surety Co. v. Henry, 307 So.2d 375 (La.App. 1st Cir.1974); Morgan v. Whittington, 191 So.2d 911 (La.App. 1st Cir.1966); Nomey v. Great American Indemnity Co., 121 So.2d 763 (La.App. 2nd Cir.1960); and Flowers v. St. Paul Companies, 336 So.2d 1018 (La.App. 2nd Cir.1976). “The driver of the following automobile is entitled to rely upon the assumption that the automobile ahead is being driven with care and caution in accordance with the laws of the road and that the driver thereof will not commit acts of negligence which will endanger the following traffic.” Cisneros v. Ferro, 411 So.2d 1212 (La.App. 4th Cir.1982), writ denied, 413 So.2d 505 (La.1982).
The verdict in the instant case discloses the apparent reason why the jury found the plaintiff 50 percent at fault; the jurors concluded from the weight of the law and the evidence that plaintiff committed acts of negligence which endangered the following drivers. Thus the plaintiffs negligence was a contributing factor to the accident.
We find adequate evidence in the record to support the jury’s determination and we thereby leave it intact pursuant to the guidelines enunciated in Arceneaux v. Domingue, supra, and Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.