458 So.2d 639 (1984)
Freddie Wayne CLARK, Plaintiff-Appellant,
v.
A.L. LAIRD, et al., Defendants-Appellees.
No. 83-988.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Writ Denied January 7, 1985.
*640 Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiff-appellant.
Bolen & Erwin Ltd., Gregory S. Erwin, Alexandria, for defendants-appellees.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Freddie Wayne Clark, instituted this personal injury suit for damages arising out of a rear-end collision wherein defendant, A.L. Laird, collided with the rear of plaintiff's preceding truck. Defendant's insurer, Carolina Casualty Insurance Company, was also made a party defendant *641 to this action. A twelve member jury found Laird 60% at fault, returning an award of $4,360.63 for special damages and $18,000 for general damages. We find no manifest error or abuse of discretion in the jury's determinations or the trial court proceedings. We affirm.

FACTS
On September 13, 1982 plaintiff was driving his pickup truck proceeding east on Highway 84. He was being followed by defendant, who was driving a loaded pulpwood truck. As plaintiff slowed down to negotiate a left turn, defendant's truck struck the rear of plaintiff's vehicle, pushing it off the road. It is disputed whether plaintiff used his turn signal to indicate his intention to turn. The record shows that there were no skid marks evidencing defendant's attempt to stop. Defendant stated that he was traveling approximately 35-45 miles per hour when he collided with Clark's truck.
Following the accident, plaintiff was physically injured and was unable to exit the truck. He was taken to LaSalle General Hospital for treatment and was released nine days later. While in the hospital, he underwent surgery for removal of a vertebrae disc fragment in his back.
Plaintiff instituted this suit against defendant and his insurer for damages allegedly caused by the accident. At trial, Clark contended that the free floating disc fragment condition, corrected by surgery, was proximately caused by the September 13th accident. Conversely, defendant argued that plaintiff's condition resulted from a pre-existing back condition caused by prior accidents. The jury made an award of $18,000 for general and $4,360.63 for special damages after finding that defendant was 60% at fault in causing the accident and that plaintiff was comparatively at fault under LSA-C.C. art. 2323 to the extent of 40%. Several experts were called to testify, all of which were awarded $300 each representing expert witness fees. All parties have appealed.

ISSUES
The following issues are presented on appeal:
(1) Whether the trial judge properly denied plaintiff's motion for a directed verdict at the close of the evidence;
(2) Whether the jury committed manifest error in attributing fault proportionately among the parties;
(3) Whether the jury abused its discretion in the award of damages to plaintiff;
(4) Whether the trial judge properly denied plaintiff's motion for new trial; and,
(5) Whether the trial judge's assessment of court costs and setting of expert witness fees were within reasonable discretion.
ISSUE # 1: DIRECTED VERDICTS
At the close of the evidence, Clark moved for a directed verdict on the issue of Laird's liability. He contends that the evidence overwhelmingly shows Laird's liability and that there was no showing of contributory negligence. The trial judge denied the motion and submitted the case to the jury for decision.
Pursuant to LSA-C.C.P. art. 1810 a directed verdict may be granted in favor of the moving party if the facts and reasonable inferences taken from the evidence are so overwhelmingly in favor of the moving party that the trial judge believes that reasonable men could not arrive at a contrary verdict. Oppenheim v. Murray Henderson Undertaking Co., Inc., 414 So.2d 868 (La.App. 4th Cir.1982). In jury trials, the judge should view the evidence in a light most favorable to the non-moving party in ruling on the motion for directed verdict. Likewise, on appeal we must view and interpret the facts and evidence in a light most favorable to the party opposing the motion in determining whether the motion was properly granted or denied. Grimes v. Stander, 394 So.2d 1332 (La.App. 1st Cir. 1981); Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979) (remanding to trial *642 court), aff'd, 412 So.2d 191 (La.App.3d Cir.), writ denied, 415 So.2d 954 (La.1982).
After thoroughly reviewing the record, we find evidence which substantially questions plaintiff's allegations that his present injuries are directly attributable to the rear-end collision. The evidence bears out plaintiff's pre-existing injuries and suffering allegedly caused by prior accidents. There is also substantial dispute found in the testimony as to how the instant accident occurred. Defendant alleges that plaintiff did not use his turn signal to warn following motorists of his intent to turn. We also find conflicting testimony which casts doubt on plaintiff's version of the accident.
In light of these factual disputes fully established and apparent in the evidence presented, we find, as did the trial judge, that reasonable triers of fact could arrive at a verdict contrary to the plaintiff based upon their interpretation and reliance upon the evidence. After construing the evidence in a manner most favorable to defendant, we do not find the evidence to be overwhelmingly in favor of plaintiff. This, however, does not mean that the evidence is overwhelmingly in favor of defendant either. Nevertheless, the trial judge properly denied the motion and submitted the case to the jury for decision.
Under LSA-C.C.P. art. 1810, the trial judge has much discretion in determining whether a motion for a directed verdict should be granted. Vallery v. All American Life Ins. Co., 429 So.2d 513 (La.App. 3rd Cir.), writ denied, 434 So.2d 1091, (La.), amended, 434 So.2d 1110 (La.1983). We find no abuse in this instance.

ISSUES # 2 & 3: FAULT AND DAMAGES
After hearing the evidence, the jury determined that although liable, Laird was only 60% at fault in causing the accident. Clark was found to be 40% at fault in contributing to the cause of the rear-end collision. Both parties have appealed this jury determination alleging that they are without fault.
The evidence is conflicting in several regards. The paramount consideration of causation is initially disputed with substantial allegations by defendant that plaintiff's injuries were manifestations of pre-existing conditions caused by prior accidents. The party litigants next argue the facts surrounding the occurrence of the accident and how it happened. There is contradictory testimony as to whether Clark made use of his turn signals just prior to the collision. There is no evidence of skid marks evidencing Laird's attempt to avoid the collision. If the jury determined that Clark had not given a turn signal when negotiating his turn, they could have reasonably found that this negligence was a contributing cause of the accident. The duty of a preceding motorist to indicate his intention to turn by use of a turn signal encompasses the risk that if such warning is not given, a following motorist may not have proper and adequate notice to avoid colliding with the rear of the preceding motorist. Likewise, the jury may have also determined from the evidence that Laird was following too closely without maintaining a proper outlook and control of his vehicle and the jury could have found that his negligence was also a contributing and/or concurring cause of the accident. We recognize the legal duty of a following motorist to maintain a safe and guarded distance while following. LSA-R.S. 32:81; Anderson v. Craig, 401 So.2d 1022 (La.App. 4th Cir.1981). This duty encompasses the risk of harm from which the plaintiff suffered in this instance, i.e., a rear-end collision. The record contains ample evidence from which a reasonable fact finder might conclude that defendant breached this duty to plaintiff. The jury may also have reasonably found that both plaintiff and defendant breached a legal duty towards each other and that this concurring negligence caused the accident.
In Guidry v. Cagle Brothers Circle C Pump Service, Inc., 453 So.2d 1280 (La. App. 3rd Cir.1984), we stated:
"However, failure to maintain a specific distance between automobiles proceeding *643 in the same direction does not constitute negligence per se. The facts of each case determine what is a safe or reasonable distance and the following motorist is only liable for failing to avoid forseeable dangers and emergencies." (emphasis added)
The driver of the following automobile is entitled to rely upon the assumption that the preceding automobile is being driven with care and caution in accordance with the laws of the highway and that the driver thereof will not commit acts of negligence which will endanger the following traffic. Guidry v. Cagle Brothers Circle C Pump Service, Inc., supra; Cisneros v. Ferro, 411 So.2d 1212 (La.App. 4th Cir.), writ denied, 413 So.2d 505 (La.1982).
After conducting a review of the record, we find no abuse of discretion in the jury's award to plaintiff. It is replete that plaintiff's pre-existing condition was aggravated by the accident for which he was partly at fault. His hospitalization lasted nine days and his pain and suffering was substantially reduced by the operation. Under the circumstances, we cannot say that the award of $4,360.63 for special damages and $18,000 for general damages is either excessive or inadequate.
We find no manifest error in the jury's determinations, apportionment of fault and award of damages. The jurors concluded from the weight of the evidence and the law that both plaintiff and defendant committed acts of negligence which contributed to the accident. In Triangle Trucking Co. v. Victor Alexander, Jr., et al., 451 So.2d 638 (La.App. 3rd Cir.1984), we recently held that a trier's findings as to percentages of fault under LSA-C.C. art. 2323 are factual, just as findings of contributory negligence under the old law were factual. Varnado v. Continental Ins. Co., 446 So.2d 1343 (La.App. 1st Cir.1984); Johnson, Comparative Negligence and the Duty/Risk Analysis, 40 La.L.Rev. 319 (1980).
We may not disturb a jury's findings and conclusions of fact in the absence of clear and manifest error, or abuse of discretion. See Canter v. Koehring Company, 283 So.2d 716 (La.1973). After thoroughly reviewing the record, we find no manifest error or abuse of discretion by the jury in their factual determinations and apportionment of fault to the parties. Nor do we find an abuse of discretion in the award of damages. Accordingly, the jury's verdict and award must be upheld on appeal.

ISSUE # 4: NEW TRIAL
Clark next contends on appeal that he was deprived of his rights to a fair trial because a juror misstated matters on voir dire and openly admitted that he had compromised with other jurors and had even "held out" on Laird's negligence.
LSA-C.C.P. art. 1972 provides in pertinent part:
"A new trial shall be granted upon contradictory motion of any party, in the following cases:
* * * * * *
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done."
Clark argues that this juror who "held out" for Laird during deliberations influenced, and somehow affected the jurors' votes. Aside from Clark's mere allegations of misconduct, we find no evidence or showing to substantiate this contention.
Our review of the record, including the voir dire examination, convinces us that the jurors based their verdict solely on the evidence presented rather than extrinsic matters or alleged statements made by one juror. We refuse to interfere with the deliberations and determinations of jurors when conducted under circumstances where it can be safely assumed that impartial justice was achieved. Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La.App. 3rd Cir.1973), writ denied, 287 So.2d 191 (La. 1974).
For these reasons, the trial judge's denial of Clark's motion for new trial shall not be disturbed on appeal.

*644 ISSUE # 5: COURT COSTS
In spite of the apportionment of fault between the parties, the trial judge assessed court costs solely against defendant. Laird appeals from this imposition of costs and additionally contends that the trial judge's general expert witness fee of $300 per expert is likewise excessive and an abuse of discretion. We disagree.
The trial judge has great discretion in assessing costs, but the general rule is that costs are to be paid by the party cast in judgment. LSA-C.C.P. art. 1920; Hall v. Mid-American Cas. Co., 413 So.2d 640 (La.App. 1st Cir.1982). Although plaintiff is proportionately at fault in this instance, we do not find that the trial judge abused his discretion by imposing costs solely upon defendant, the party of greater proportionate fault.
We further find that the expert witness fee of $300 per expert is not excessive. Appellate courts of Louisiana have upheld awards of expert witness fees up to $350 in the past. Gillis v. Great Atlantic & Pacific Tea Company, 95 So.2d 186 (La. App. 1st Cir.1957); see also Pickett v. Norwich Union Fire Insurance Society, 119 So.2d 566 (La.App. 1st Cir.1960). Therefore, we find no basis to disturb the trial judge's setting of expert witness fees and assessment of court costs in this instance.

DECREE
Based on the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be shared equally between plaintiff and defendants since each have perfected a separate appeal from the trial court judgment.
AFFIRMED.