SCHOTT, Judge.
This is an appeal by Wilfred Maise from a judgment granting a motion filed by La-tif Salem, Subha Farhoud, and Husni Far-houd, appellees, to amend a judgment obtained by them against Maise on October 11, 1982, affirmed by this court on April 6, 1984, and reported at 449 So.2d 121. The issues are 1) whether the trial court may amend a final judgment which was silent on the date from which legal interest was to run, to provide that interest runs from date of judicial demand; and 2) whether interest should run from date of judicial demand in any event as opposed to the date of the judgment of the trial court.
The judgment in appellees’ favor was for $20,000 in favor of the Farhouds and $895 in favor of Salem “with legal interest on each amount, until paid, and for all costs.... ” Thus, it was silent as to the date from which interest would run. LSA-C.C.P. Art. 1951 permits the trial court to amend a final judgment at any time to alter phraseology of the judgment, but not the substance. The amendment in question did not change the substance of the judgment, it simply altered the phraseology to supply missing words which were obviously intended but omitted in error. We conclude that the trial court was authorized by Art. 1951 to make the change.
However, appellant also contends that assuming the court had the authority to amend the judgment, it erred in providing for interest from date of judicial demand, and not from date of judgment.
C.C. Art. 1938 (as written prior to its amendment by Art. 331 of 1984) provided that all debts shall bear interest at the legal rate from the time they become due. This was a claim by the Farhouds for $20,-000 they deposited in connection with their purchase of a business from appellant. Appellant defaulted on the contract and refused to refund their deposit. The $895 was awarded to Salem for a check appellant wrote which his bank would not honor and which Salem cashed. Clearly these debts were “due” when the suit was filed and should earn interest at least by that date. Appellant’s argument that these debts were not “due” because he asserted a reconventional demand to recover the value of inventory taken by the Farhouds is specious. He failed to prove his reconven-tional demand while losing on the main demand. All he succeeded in accomplishing was to delay appellees from collecting money due them all along by raising a defense and reconventional demand which had no merit. See Salem v. Maise, supra.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.