WICKER, Judge.
This appeal arises from a suit to compel the St. Charles Parish Sheriff’s Office to return to Terry Thomas, plaintiff/appellant, an automobile. The suit also seeks damages for wrongful seizure. The trial judge granted judgment in favor of Thomas in the amount of $1,075.00. Thomas has appealed; defendant/appellee, the St. Charles Parish Sheriff’s Office, has not cross appealed nor filed an answer. We amend in part and as amended, affirm.
The parties stipulated to the following facts. On April 19, 1990 Officer Al Theriot of the St. Charles Parish Sheriff’s Office obtained a statement from an eyewitness positively identifying Thomas’ vehicle as the one involved in a drive by shooting. Thomas was asked to bring his vehicle to the New Sarpy Sheriff’s Office. The vehicle was impounded. As soon as the District *699 Attorney’s Office determined no charges would be filed it authorized the Sheriffs Office to release the vehicle upon Thomas’ proving ownership. The date of the release of the vehicle was September 18, 1990. On October 1st, 2nd or 3rd Thomas got his vehicle.
Trial evidence consisted of various exhibits, Thomas’ deposition and the testimony of the eye witness to the shooting: Galline Periloux.
Thomas testified Theriot came to his home informing him that his blue Cutlass was identified as being involved in the shooting. He brought his car to the Sheriff’s Office. When one attorney was unsuccessful in getting his car released he hired his present attorney.
Thomas stated when he received his car a previously intact window was now broken. He paid $75.00 to get it repaired. He testified he did not lose any time from work as a result of turning his car into the Sheriff’s Office. He stated he had witnesses who would verify both he and his car were at the Valentine Lounge at the time of the shooting on August 19, 1990 at 1:30 a.m.
Entered into evidence was a letter dated May 24, 1990 from Captain Jules J. Tarullo of the St. Charles Parish Sheriff’s Office to Thomas’ present attorney. The letter stated the car was being held as evidence in an investigation of a drive by shooting. It was a refusal to release the vehicle. This letter was evidently in response to a letter dated May 21, 1990 from Thomas’ counsel to the Sheriff’s Office requesting release of the car since Thomas had never been charged.
Periloux testified although Thomas’ car was involved she knew Thomas was not in the car at the time.
The trial judge concluded the following in her reasons for judgment:
Although the automobile in this case was initially voluntarily relinquished Thomas repeatedly protested its retention. No action was taken in the case, and the sheriff’s office had no right to continue to hold the car. The continued retention of the car became unreasonable one month after it was voluntarily relinquished.
The plaintiff has established his entitlement to damages in the amount of $1,000 for loss of use of his car during this four-month period of unlawful seizure, as well as for embarrassment and inconvenience, in addition to reimbursement for his window repairs of $75.00.
Thomas urges on appeal that the award was inadequate. He asserts that the award is too low for loss of use of his car for over five months. He also notes the judgment is silent as to costs and interest and seeks to have the judgment amended to reflect these amounts.
On the other hand the appellee argues Thomas’ damages were nominal and seeks to have this court reduce the award to $1.00 and court costs. Alternatively the appellee argues Thomas should only receive his court costs pursuant to La.R.S. 15:41(C). However, La.R.S. 15:41(C) does not address the nature of the recovery of damages for wrongful seizure or conversion. That statute provides the procedure for release of the property to the owner of property seized in connection with criminal proceedings. “Property seized in connection with a criminal proceeding which is not to be used as evidence or is no longer needed as evidence shall be returned to the owner. La.R.S. 15:41.” Jordan v. City of Baton Rouge, 529 So.2d 412, 414 (La.App. 1st Cir.1989).
La.R.S. 15:41 provides in pertinent part:
A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property, destroyed if the court deter *700 mines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order:
(a) A sale of the property ...
(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.
C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.
In State v. Bordelon, 538 So.2d 1087, 1093 (La.App. 3rd Cir.1989), writ denied, 546 So.2d 1211 (La.1989) the Third Circuit explained the purpose of a hearing “was to determine whether the state could retain the [item] seized pending prosecution of the case.”
Thomas requested two types of relief: release of his car and damages for conversion or wrongful seizure.
Although appellee would seek a revision of the award it has not appealed nor filed an answer to the appeal as required by La.C.Civ.P. art. 2133. Thus, we are unable to revise the award.
Thomas also argues the judgment should have awarded legal interest and seeks an amendment to reflect such an award.
La.R.S. 13:4203 provides:
Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, “ex delicto” which may be rendered by any of the courts.
The action in this case is a suit for wrongful seizure or conversion of an automobile. We have recognized that such an action is an action ex delicto pursuant to La.R.S. 13:4203. Succession of Hodges, 442 So.2d 1214 (La.App. 5th Cir.1983) at 1217.
We follow the holding in Cooley v. Allstate Ins. Co., 443 So.2d 739, 743 (La.App. 4th Cir.1984) (on rehearing), writ denied, 446 So.2d 1229 (La.1984), wherein the court found it unnecessary to amend a judgment, as in this case, which was silent regarding interest. The Cooley court held at 743:
Althugh the judgment of this Court is silent regarding legal interest, La.R.S. 13:4203 provides that “[LJegal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto'.... ” Interest attaches automatically until the judgment is paid in actions ex delicto whether prayed for in the petition or mentioned in the judgment. Thus, Miss Cooley is entitled to be paid legal interest without a formal amendment of our decree. Steele v. St. Paul Fire & Marine Insurance Co., 371 So.2d 843 (La.App. 3rd Cir.1979). Therefore, the rehearing application filed on behalf of Miss Cooley is denied.
Thomas also requests that he be awarded costs both in the trial court and the appellate court. The trial court judgment is silent as to an award of costs.
We agree with our brothers in the First Circuit that:
The trial judge has great discretion in assessing costs, but the general rule is that costs are to be paid by the party cast in judgment. La.C.C.P. art. 1920[.]
Hall v. Mid American Cos. Co., 413 So.2d 640 (La.App. 1st Cir.1982). See also Cooley, supra.
We therefore award costs both in the trial court and the appellate court to Thomas, the prevailing party.
Accordingly, for the reasons stated, the judgment is amended in part to award *701 costs to the plaintiff and affirmed in all other respects. Appellee is cast for costs of this appeal.
AMENDED IN PART AND AMENDED, AFFIRMED. AS