SCHOTT, Chief Judge.
Plaintiff, Carolyn Gill, was injured in an automobile accident in July 1987. She filed suit against the other driver, Staci Johnson, and Budget Rent-A-Car of New Orleans, Inc., the owner of Johnson’s automobile. After a bench trial, the court, on October 18, 1991, rendered judgment in plaintiffs favor against both defendants for $30,-000.00, but limited Budget’s liability to $10,000.00. After the judgment became final Budget tendered $10,000.00 as payment in full, but plaintiff refused the tender demanding interest and costs in addition to the $10,000.00. Threatened with execution Budget obtained a temporary restraining order and a preliminary injunction against plaintiff from executing, but on May 28, 1992, the trial court dissolved the preliminary injunction and dismissed Budget’s petition for a permanent injunction. From the judgment Budget has appealed.
The October 1991 judgment in plaintiff’s favor provides in pertinent part as follows:
"... against the defendants, Staci Johnson and Budget-Rent-A-Car of New Orleans, Inc., in solido, in the full sum of $30,000 ... together with legal interest from date of judicial demand, and for all costs; with the amount of the judgment against Budget-Rent-A-Car of New Orleans, Inc., however, being limited to the limits of its bodily injury self insurance policy limits to one person, being $10,000;
This judgment is not ambiguous and can only be interpreted to mean that the limit Budget owes under the terms of it is $10,-000.00. It simply does not cast Budget for interest and costs in addition to the $10,-000.00.
However, plaintiff contends that LSA-R.S. 13:4203 makes Budget liable for interest by operation of law irrespective of the judgment’s failure to include interest. This position has merit. The statute provides that interest “shall attach” on all tort judgments. In Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841, 851 (1947) the court stated:
“Another of the well settled rules of law of this state is that interest is never due on a judgment unless provision is made in the judgment for the payment of the interest excepting, of course, those judgments rendered in tort actions, which are specifically provided for by statute. See Act 206 of 1916 [R.S. 13:4203].”
In Grennon v. New Orleans Public Service, Inc., 17 La.App. 700, 136 So. 309, 311 (1931) our predecessor court stated that “interest need not be prayed for or mentioned in the judgment to entitle a successful litigant in an action ex delicto to claim it.” This court repeated this principle in Cooley v. Allstate Ins. Co., 443 So.2d 739, 743 (La.App. 4th Cir.1984) and Broome v. Gauthier, 443 So.2d 1127, 1139 (La.App. 4th Cir.1983). Consequently, the trial court did not err in dismissing Budget’s petition for a permanent injunction and recognizing by implication plaintiff’s entitlement to legal interest on the $10,000 from date of judicial demand until paid.
Plaintiff answered the appeal seeking 1) damages for frivolous appeal; and 2) damages and attorney’s fees for services rendered in connection with the dissolution of the restraining order and preliminary injunction. With respect to the first, we are not persuaded such damages are called for under C.C.P. art. 2164 under the circumstances of this case. As to the second, C.C.P. art. 3608 confers discretion on the trial court to award such damages. The record shows that plaintiff claimed these damages in the trial court, but there is no indication that the trial court considered the question. The case must be remanded to the trial court for this purpose.
Accordingly, the judgment appealed from is affirmed; plaintiff’s request for damages for frivolous appeal is denied; and the case is remanded to the trial court for consideration of plaintiff’s claim for damages and attorney’s fees in connection with *28 the restraining order and preliminary injunction and the dissolution thereof.
AFFIRMED AND REMANDED.