hBOWES, Judge,
dissenting with reasons.
I disagree with the conclusions and findings reached by my esteemed and learned colleagues of the majority for the following reasons.
LSA-R.S. 33:2718 states as follows:
A. Each political subdivision, as that term is defined in Article VI, Section 44(2) of the Constitution of Louisiana, shall compute on all refunds or credits and allow interest as part of the refund or credit as follows:
(1) From date of payment of the taxes, but prior to submission by the taxpayer of a claim for refund, interest shall be computed at a rate of not less than two per cent per annum.
(2) From date of submission by the taxpayer of a claim for refund, or from payment under protest, or from the date that the taxpayer gave the political subdivision notice of the taxpayer’s intention to file suit for the recovery of any taxes paid, interest shall be at the rate established pursuant to Civil Code Article 292Jp(B)(S), per year [which defines legal interest and rate thereof].
(3) The interest rate provided for. in Paragraph (2) of this Section shall not be applicable for a sixty day period from the date the taxpayer makes a claim for refund, if a refund is the result of the taxpayer’s administrative error; however, the interest for this sixty day period shall be computed under the provisions of Paragraph (1) of this Section.
B. No interest on refunds or credits shall be allowed if it is determined that a person has deliberately overpaid a tax in order to derive the benefit of the interest allowed by this Section. Payments of interest authorized by this Section shall be made from funds derived from current collections of the tax to be refunded or credited. [Emphasis supplied].
J2LSA-C.C. art. 2924(B)(3)(a)[1] delineates the method of computing legal interest.
There is nothing in the record, including the reasons for judgment, which indicate the thoughts of the trial judge on this issue. I *764 conclude, however, that since LSA-R.S. 33:2718, supra, makes mandatory the payment of legal interest on all refunds or credits of taxes paid under protest, that the trial judge’s intention was to award to- LP & L that to which it was automatically entitled by statute.
Our courts have continuously held that it is proper to consider the pleadings, subject matter of an action, reasons for judgment and other matters of record in order to arrive at an interpretation consistent with the proper decree on the facts and law presented. State Dept. of Transp. & Dev. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1st Cir.1985).
Brown v. Mitchell Homes, 620 So.2d 1234 (La.App. 5 Cir.1988).
[Emphasis supplied.]
In considering the subject matter of the present action, as well as the pleadings, I construe the judgment as providing for the interest mandatorily due under the law and for which LP & L prayed. The fact that the trial court used the phrase “interest earned,” while clouding the issue, does not alter this conclusion.
l.sThe situation is analogous to interest on damages for tort actions. LSA-R.S. 13:4203 holds that “Legal Interest shall attach from date of judicial demand, on all judgments, sounding in damages, ‘ex delicto,’ which may be rendered by any of the courts.” Legal interest on these judgments accrue automatically and is mandatory, whether prayed for in the petition or mentioned in the judgment. See Cooley v. Allstate Ins. Co., 443 So.2d 739 (La.App. 4 Cir.1984); Steele v. St. Paul Fire & Marine Ins. Co., 371 So.2d 843 (La.App. 3 Cir.1979).
There are other actions on which interest mandatorily and automatically attaches to a judgment. State, Department of Highways v. Busch, 254 La. 541, 225 So.2d 208 (1969) dealt with interest due on a judgment involving damages in an expropriation case. The statute in question, LSA-R.S. 48:455, provides as follows:
The judgment rendered therein shall include, as part of the just compensation awarded, interest at the rate of five per centum per annum on the amount finally awarded as of the date title vests in the plaintiff to the date of payment; but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.
[Emphasis supplied.]
The court said that part of the purpose of the statute was to give the owner an award of interest as part of the compensation so that he need not pray for interest. In a footnote to that statement, the court said:
Code of Civil Procedure Article 1921 provides:
The court shall award interest in the judgment as prayed for or as provided by law.
It is noted in the comment under that article that:
The phrase ‘as provided by law’ will cover the exception in the case of tort claims, since in these cases interest attaches automatically, without being prayed for.
It is clear that R.S. 48:455 is another exception which, as to the owner, provides interest that need not be prayed for.
In the present case, as I find hereinabove, LP & L did pray for legal interest; however, that legal interest is also specifically provided for by LSA-R.S. 33:2718; Uand therefore, under either scenario, interest at the rate of legal interest automatically affixes to a judgment in a refund of taxes paid under protest. Consequently, even if LP & L had not prayed for legal interest, and the judgment had not provided for interest, nevertheless, legal interest is still a mandatory part of the judgment in favor of relator.
As the court found in Salem v. Maise, 483 So.2d 1192-93 (La.App. 4 Cir.1986):
LSA-C.C.P. Art. 1951 permits the trial court to amend a final judgment at any time to alter phraseology of the judgment, but not the substance. The amendment in question did not change the substance of the judgment, it simply altered the phraseology to supply missing words which were obviously intended but omitted in error. We conclude that the tidal court was authorized by Art. 1951 to make the change.
*765 An examination of the applicable law, the phraseology of the judgment and the record, compels me to conclude that when the trial court used the words “interest earned” he intended to, and necessarily did in fact, award interest on the judgment at the rate of legal interest because he was required and compelled to do so by the prayer of the pleadings and by the statutes quoted herein-above.
Therefore, the motion for clarification was just that — a motion to have the district judge supply the words that were omitted in error. This action does not require a motion for a new trial or an appeal, since altering the phraseology in this case does not constitute a substantive change in the judgment. Nothing is added to or taken from the original judgment; rather, an interpretation applying the mandatory law is required.
Accordingly, I find that the trial court erred in denying the motion to clarify and I would order the judgment clarified to find that relators are entitled to statutory legal interest in accordance with LSA-R.S. 33:2718(A)(2).
For these reasons, I respectfully dissent.

. LSA-C.C. art. 2924(B)(3)(a) provides as follows:
On and after January 1, 1988, the rate shall be equal to the rate as published annually, as set forth below, by the commissioner of financial institutions. The commissioner of financial institutions shall compute, on the first day of October of each year, the prime or reference rate by taking the average of the prime or reference rates established by the financial institutions enumerated hereafter, or their successors, namely Chase Manhattan Bank, N.A., Citibank, N.A., Morgan Guaranty Trust Company of New York, Manufacturers Hanover Trust Company, and Bank of America National Trust and Savings Association, for their most favored corporate clients. The prime or reference rates used in this calculation shall be obtained no later than the seventh day of October. The effective judicial interest rate for the calendar year following the calculation date shall be one percentage point above the average prime or reference rate of the five financial institutions named in this Subpara-graph or their successors.